SAMUEL BONNELL, Jr., Appellant, *v.* CHESTER GRISWOLD et al., Respondents.

ELI W. BLAKE, Appellant, *v.* THE SAME, Respondents.

Averments in a complaint as to the meaning or contents of a paper set forth therein, or annexed to and made part thereof, are not admitted by a demurrer.

Assuming that causes of action, arising under the act of 1848 (chap. 40, Laws of 1848), against the trustees of a manufacturing corporation for an omission to file an annual report (§ 12) and for making and filing a false report (§ 15) may be united in one action (as to which *quære*), and that a false report may be regarded as no report, in order to justify such union, each of the causes of action must affect all the parties. (Code, § 167.)

For an omission to file a report all the trustees are liable; for making and filing a false report only those who do the act are liable.

The complaint herein contained two counts, the first charging defendants as trustees of a manufacturing corporation for an omission to file an annual report; the other charged that the defendants made and filed "a certificate or report, a copy whereof is hereto annexed, marked B," also, "that said defendants * * * signed said certificate knowing it to be false." The copy annexed purported to be signed by but three of the six defendants herein, and in the body, which purported to give the names of those signing, the names only of the trustees whose signatures appeared were stated. Three of the defendants demurred. *Held*, that the general allegation of the complaint was qualified by reference to the copy annexed, so that the averment was simply that the defendants whose names appear upon the copy actually signed; that the defendants who demurred did not thereby admit the fact that all signed the report; and that the demurrers were properly sustained.

*Paige* v. *The People* (6 Park's Cr., 683); *Turner* v. *Jaycox* (40 Barb., 164) distinguished.

(Argued January 17, 1877; decided January 30, 1877.)

These are appeals from judgments of the General Term of the Supreme Court in the third judicial department in favor of defendants, Wheeler, Griswold & Hoysradt, entered upon orders reversing orders overruling demurrers on the part of said defendants to the complaints in the actions above entitled, and directing judgments for said defendants upon demurrer. (Reported below, 3 T. & C., 557.)

The actions were substantially alike. They were brought by plaintiffs as creditors of "The Iron Mountain Company of Lake Champlain," a corporation organized under the general manufacturing act (chap. 40, Laws of 1848) against defendants as trustees of said company.

The first count in each of the complaints alleged, in substance, that defendants and John A. Griswold, deceased, were trustees of said company, and that they omitted to make, publish and file an annual report within twenty days after January 1, 1870. The second count alleged that "the defendants and said John A. Griswold on the 13th day of January, 1870, made and filed * * * a certificate or report, a copy whereof is hereunto annexed, marked B, and the said defendants and said John A. Griswold published said certificate or report;" * * * that said report was false in a material representation; * * * that said defendants and the said John A. Griswold signed said certificate knowing it to be false, as hereinbefore stated."

The copy certificate, Exhibit B, annexed, commenced as follows; "We, George M. Wheeler, John A. Griswold, Chester Griswold and C. D. Schubarth, being trustees of the Iron Mountain Company of Lake Champlain and a majority thereof, and the said George M. Wheeler being president of said company, do hereby certify and declare," etc. It was signed by the four trustees so named in the body, and by no others. The complaint also contained a third count, which is not discussed in the opinion, and therefore is not stated.

The defendants above named demurred upon the grounds, in substance, that the two causes of action were improperly united, for the reason, among others, that the second cause of action did not affect all the parties to the action, as defendants Hoysrodt, Corning and Burleigh did not sign the certificate therein referred to.

*A. Pond* for the appellant. The first and second counts were properly united in the complaint. (*Mer. Bk.* v. *Bliss,* 35 N. Y., 412; *Suydum* v. *Smith,* 25 id., 383; *Fisher* v. *N. Y. C. and H. R. R. R. Co.,* 46 id., 656; *Arthur* v. *Griswold,* 55 id., 411; *City Bk. of Bklyn.* v. *Clews,* H. & D., 231; *Deyoe* v. *Rood,* 3 Hill, 527; *Vallance* v. *King,* 3 Barb., 551; 3 N. Y. S. C. R., 560; *Greenleaf* v. *Mumford,* 30 How., 33; *Von Rhode* v. *Von Rhode,* 2 N. Y. S. C., 491; *Paige* v. *People,* 6 Park., 683; *Turner* v. *Jaycox,* 40 Barb., 173; *Cherry* v. *Fisk,* 22 How., 236; *Hale* v. *Omaha Nat. Bk.,* 49 N. Y., 626; *Olcott* v. *Carroll,* 39 id., 436.) The facts stated in the first count alleging a failure of the trustees to make a report, as required by statute, were sufficient to constitute a cause of action. (3 R. S. at Large, 735, § 12; 1 Abb. Forms, 529.) The facts stated in the second count alleging the making of a false report constituted a cause of action. (3 R. S. at Large, 736, § 15.) The third count was sufficient, and was properly joined with the first and second. (*Bolen* v. *Crosby,* 49 N. Y., 183, 187; Code, § 167, sub. 1; *Robinson* v. *Flint,* 16 How., 240; *Vanmeule* v. *Peck,* 15 id., 323; *Badger* v. *Benedict,* 1 Hilt., 414; *Borst* v. *Carey,* 15 N. Y., 505; *Lee* v. *Partridge,* 2 Duer, 463; *Ogden* v. *Bodle,* id., 611; *Lattin* v. *McCarty,* 41 N. Y., 107; *Thompson* v. *Kessell,* 30 id., 383; *Palen* v. *Bushnell,* 46 Barb., 24; *Adams* v. *Bissell,* 28 id., 383; *Wadley* v. *Davis,* 63 id., 505; *Woodbury* v. *Delap,* 1 N. Y. S. C., 20; *Arthur* v. *Griswold,* 3 id., 563; 55 N. Y., 411.) The third count stated facts sufficient to constitute a cause of action. (*Bangs* v. *Blue Ridge Co.,* 45 How., 169; *Morse* v. *Swits,* 19 id., 275; *Barber* v. *Morgan,* 51 Barb., 117; *Chester* v. *Dickerson,* 52 id., 349; *Newberry* v. *Garland,*

31 id., 122; *Yates* v. *Alden,* 41 id., 172; *Tappen* v. *Powers,* 2 Hall, 277; *Ballard* v. *Lockwood,* 1 Daly, 158; *Carr* v. *Schermerhorn,* 5 Lans., 189.) A defendant against whom the complaint shows a good cause of action cannot demur because it is insufficient or defective as to another defendant. (*Richtmeyer* v. *Richtmeyer,* 50 Barb., 55; *Stockwell* v. *Wager,* 30 How., 271; *Littell* v. *Sayre,* 7 Hun, 485; *N. Y. and N. H. R. R. Co.* v. *Schuyler,* 17 N. Y., 592; 39 id., 440; *People* v. *Mayor, etc.,* 28 Barb., 240; *Newbould* v. *Warren,* 14 Abb., 80; *Eldridge* v. *Bell,* 12 How. Pr., 80.)

*Wm. C. Holbrook* for the respondents. The joinder of the first and second counts of the complaint was improper because one counteracts and answers the other, and they do not affect all the parties to the action. (*Smith* v. *Halleck,* 8 How. Pr., 73; *Sweet* v. *Ingersoll,* 12 id., 331; *Tompkins* v. *White,* 8 id., 520; *Worth* v. *Radde,* 28 id., 230; *Smith* v. *Geortner,* 40 id., 185; *Hess* v. *B. and N. J. R. R.,* 29 Barb., 391; 1 Hun, 332; *Cuddon* v. *Tite,* 1 Gif., 395; *Lea* v. *Robeson,* 12 Gray, 280; *Dillon* v. *Barnard,* 21 Wal., 437; *Niles* v. *Battershall,* 27 How. Pr., 381; *Wooster* v. *Chamberlin,* 28 Barb., 602; *Sweet* v. *Tuttle,* 14 N. Y., 465; *McIntosh* v. *Ensign,* 28 id., 172.) The third count was improperly joined with the first and second counts. (*Colwell* v. *N. J. and E. R. R. Co.,* 9 How. Pr., 311; *Sweet* v. *Ingerson,* 12 id., 331; *Springsteed* v. *Lawson,* 14 Abb. Pr. 328; *Quintard* v. *Newton,* 5 Robt., 72; *Hunter* v. *Powell,* 15 How. Pr., 221; *Ehle* v. *Haller,* 6 Bosw., 661; *Cobb* v. *Dows,* 9 Barb., 231; *Butt* v. *Cameron,* 53 id., 642; *Booth* v. *F. and M. Nat. Bk.,* 1 N. Y. S. C., 45; *Bates* v. *Loomis,* 5 Wend., 134–136; *Gilbert* v. *Rounds,* 14 How. Pr., 46.)

*Per Curiam.* Assuming, without deciding, that causes of action against trustees of a corporation under the twelfth and fifteenth sections of the manufacturers' act referred to, may be united in one complaint, and that a false report may be regarded as no report, yet in order to justify such union, each

of the causes of action must affect all the parties to the action. (Code, § 167.) For an omission to file any report all the trustees are liable, jointly and severally, to the creditors; for making and filing a false report, only such of the trustees as do the act are liable. The language of the act is " all ·the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable."

The contention is whether the complaint should be construed as alleging that all the defendants, including Hoysradt, signed the report alleged to be false. The allegation is, that the defendants and said John A. Griswold on the 13th day of January, 1870, made and filed " *   *   *   a certificate or report, a copy whereof is hereunto annexed, marked B." Also, " that said defendants and John A. Griswold signed said certificate knowing it to be false," etc. The copy annexed purports to be signed by Griswold and three of the defendants, and not by Hoysradt, Burleigh or Corning. The body of the certificate shows that it was made only by the persons who signed it. It commences " We," followed by the names of the persons who signed the instrument. We think that by annexing a copy of the alleged report to the complaint referring to it, together with the intrinsic evidence furnished by the copy itself, the general allegation of the complaint is qualified so as substantially to aver that the defendants whose names appear upon the copy actually signed the same, and it follows that the defendant Hoysradt did not, by demurring, admit the fact that he signed the report, nor did the other defendants, by demurring, admit the fact. Facts and not conclusions of law are admitted by a demurrer. Averments as to the meaning of a contract set forth in a complaint are not admitted by a demurrer. (21 Wall., 430.)

The question here is, what was the fact alleged? And we think the allegation is, that the defendants who purport by the copy annexed to have signed did in fact sign. There is an inconsistency in the two allegations. The general allegation that the defendants signed, etc., would include all the defendants, but the additional allegation that the defendants

signed, as appears by a copy of the instrument hereto annexed, qualifies and limits the general averment to those appearing to have signed, by the copy.

It is not the case of an allegation of signing, a proper copy of which is given without any signature. Here the copy purports to contain the names of the persons who signed the paper in the body of it, and also the signatures. There is no room for intendment that other signatures were affixed, and hence it cannot be presumed that there was an intention to aver others. The authorities cited by the counsel for the appellants are not inconsistent with these views. In *Paige* v. *People* (6 Park., 683) the question was whether the forging of a sealed instrument was averred in the indictment, and it was held that it was under the averment of the forging of a deed which *ex vi termini* imports a sealed instrument. WOOD-RUFF, J., remarked that the copy set out with the letters L. S. was not a sufficient allegation that it was under seal. In 40 Barbour, 164, it was held that an assignment of all property of the assignor, would convey property not specified in the schedule referred to.

These cases do not meet the case at bar for the reasons before stated, and without further elaboration, we concur with the opinion of MILLER, J., in the court below upon this and other points involved.

The judgment must be affirmed, with leave to plaintiffs to amend complaint within twenty days, after service of notice of entry of remittitur, on payment of costs.

All concur; MILLER, J., not sitting.

Judgment accordingly.