## McQUEEN v. NEW.

(Supreme Court, Special Term, New York County. November, 1894.)

1. PLEADING—MATTERS ADMITTED BY DEMURRER.
   The words "fraudulent and void," when stated, not as facts, but as inferences, are not admitted by demurrer.
2. CORPORATIONS—PREFERENCE OF CREDITORS.
   At common law, a corporation may prefer creditors; and therefore a preference by a foreign corporation will not be declared void in New York, unless a statute of the domicile of such corporation forbidding preferences is pleaded and proved.

Action by John McQueen, receiver, against Tobias New, to recover money received by defendant from a sale under a judgment against the corporation of which plaintiff is the receiver. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Sustained.

Ewing, Whitman & Ewing, for plaintiff.
F. J. Mather, for defendant.

O'BRIEN, J. The defendant demurs to the complaint upon the ground, among others, that it does not state facts sufficient to constitute a cause of action. It is sought in this action to recover money in the hands of the defendant, which it is claimed he received as the result of the proceeds of a sale under an execution issued upon a foreign judgment, which latter was fraudulent, and under which the property of the corporation of which the plaintiff is the receiver was taken and sold, and the proceeds paid to defendant. The relief asked is that the judgment and subsequent proceedings thereunder, including an agreement pursuant to which the judgment was assigned to defendant, be set aside, and that the plaintiff recover the money so received by defendant. The complaint alleges that on November 25, 1892, the company of which the plaintiff is receiver "was in the possession of personal property in the city of Chicago, * * * and that on that day said company was insolvent, and had refused the payment of promissory notes given by it; * * * that the treasurer and secretary of the company, well knowing that it was insolvent, and because of such insolvency, collusively, and with intent to defraud the creditors of said company and to defeat their just claims, made, executed, and delivered in the name and under the seal of the said company," to the president thereof and his brother, "a certain paper writing purporting to be a confession of judgment," upon which a judgment was "entered in the circuit court of the said state of Illinois, and execution issued to the sheriff, who thereupon and thereunder seized and took into his possession all of said personal property, in the city of Chicago." Then follow allegations that the said confession of judgment and all proceedings thereunder were fraudulent as against the receiver, and that the defendant, with knowledge thereof, and with intent to defeat the just claims of creditors and to obtain an unlawful preference over them, entered into an agreement with the judgment creditors by which he obtained an assignment of the judg-

ment and the execution, together with the lien upon the assets of the company, and out of the money realized was to pay expenses and moneys due him, and distribute the balance among creditors of the company holding paper with the president, and his brother's liability thereon, either as makers or indorsers, and with direction to pay over the surplus to the said brothers; that it was as the result of such bill of sale or agreement that he received the money out of the sale of the personal property belonging to the company levied upon by the sheriff, which the plaintiff demands shall be accounted for and paid over to the plaintiff in this action.

It has been many times held "that facts, and not conclusions of law, are admitted by demurrer" (Bonnell v. Griswold, 68 N. Y. 298), and that the words "fraudulent and void," when stated, not as facts, but as inferences, are not admitted by demurrer, but that what is admitted is the truth of such facts as are properly stated, and not the correctness of inferences drawn from such facts. Applying such rules of construction to this pleading, and keeping in mind that the judgment obtained in the state of Illinois, pursuant to which the property was sold, and the proceeds reached the hands of the defendant, is a bar to any right of plaintiff to recover unless successfully assailed, the question is whether, upon the facts pleaded, the necessary averments to this end are present. This view is recognized by plaintiff, who alleges that the judgment was fraudulent; but why it was fraudulent in his view is apparent from a reading of the complaint. It is averred that in contemplation of insolvency, and with a view to give an unlawful preference, the corporation confessed a judgment in favor of one of its officers and his brother, and that such judgment was entered in a court of the state of Illinois, where the property levied upon thereunder was situated. It will thus be seen that the fraud complained of is fraud in law, and not fraud in fact, because no fraud in fact is alleged either on the part of the Eberts Brothers in obtaining the judgment, or of the defendant in receiving a transfer of the judgment; and, unless some allegations showing such fraud in law are pleaded, the complaint is demurrable. It is true there is a statement that the defendant was guilty of fraud in making and entering into the agreement, which, however, is fully set forth, and which on its face negatives the charge of fraud, showing, as it does, that it is one of trust to pay the creditors of the company, among whom was the defendant. Under such agreement, the defendant could only pay the company's debts, and would receive for himself nothing but the payment of his own debt. Analyzed, therefore, the complaint charges fraud in that the judgment creditors obtained, on the eve of insolvency of the company, an illegal preference, and that the defendant, with knowledge thereof, took, by a bill of sale or under the agreement, an assignment of such judgment, and thereunder obtained the moneys that are here sought to be recovered. If such allegations had relation to a judgment obtained in our own state, then, by force of a statute which prohibits such preferences, a good cause of action would have been stated. Our statutes, however, have no extra territorial force or effect, and the Illinois judgment here sought to be

set aside could not be successfully assailed unless it could be shown that, pursuant to some statute of that state, it was equally illegal. The transfer to the defendant was of a judgment in Illinois by a citizen of Michigan; and it is upon plaintiff as part of his cause of action, and therefore as a proper allegation in his complaint, to aver that the acts complained of were wrongful under the laws of the state of Illinois, unless, as contended by plaintiff, such a preference is void at common law.   In other words, if the fraud or illegality is pursuant to a statute of another state, then such statute must be pleaded, because the presumption as to the laws being similar applies only to common law, and not to statutes.   This being an Illinois judgment, then, it was incumbent upon the plaintiff, relying, as he did, upon such preference being illegal, to show by pleading the statute that the Illinois laws so provided.   It may well be that the judgment obtained was perfectly valid under the Illinois law, and it would only be invalid as the result of some statute forbidding preferences, which, if it exists, should have been pleaded as a fact, and upon the trial presented in evidence.   In the plaintiff's view that such a preference is unlawful at common law, I do not, under the authorities, assent.   The very ones to which he has reference seem to me to hold just the contrary.   And apart from the cases in this state, many of which could be cited, the text books to which he refers clearly state the law.   Thus, in Morawetz on Private Corporations (volume 2, § 805) it is said:

"In the absence of a statutory prohibition, a corporation has the same power of making preferences among its creditors in the distribution of its assets as an individual."

And in Wait on Insolvent Corporations (section 161) it is said, in speaking of preferences in anticipation of insolvency:

"The prohibition of the statute only applies to domestic corporations.   Foreign corporations are not affected by it, and preferences made by them will not be disturbed in New York, provided the charters of the companies and the statutes in the foreign state or country do not forbid such transactions."

By these authors, as well as in some of the cases, considerable discussion is indulged in as to the correctness of this view; but, notwithstanding the amount of criticism that this conclusion has evoked, it must be regarded as too well settled to be now disturbed.

There are other serious questions presented by the objections to the complaint, but, as I regard the one pointed out as fatal, the demurrer must be sustained, with costs, but with leave to plaintiff to plead over upon payment of costs.