Supreme Court, Saratoga Special Term. Reported. 48 N. Y. Supp. 1035.

HENRY H. LYMAN *v.* JOHN MC GRIEVEY.

Nussbaum & Coughlin, for plaintiff.

Thomas O'Connor, J. W. Atkinson (J. W. Houghton of counsel) for defendant.

McLAUGHLIN, J. The plaintiff is not entitled to maintain this action unless the population of the village of Waterford is shown by either the last State or Federal census. It is conceded that it is not shown by the former, but it is urged that it can be determined from the latter. Does the last United States census show the population of this village? The answer to this inquiry must be determined from the census and that alone. It cannot be determined from anything else; and resort cannot be had to other evidence for the purpose of determining it. This was the view taken and the construction given to the statute under consideration by this court in the case of People ex rel. Cramer *v.* Medbury, 17 Misc. Rep. 8. The printed compendium of the United States Census as sent out by the United States government does not show it. And, without now passing upon the question whether resort can be had to the schedules of records made by the enumerators for the purpose of showing that the printed compendium or official record is incorrect, I do, for the purpose of this case, consider these schedules, and have reached the conclusion that the population of this village is not thus shown. The returns of the enumerators offered in evidence is of the town of Waterford and not of the village of Waterford. They do not purport to be an enumeration of the village, and can only be considered such in the sense that the greater includes the less. The population of this village at the time the last Federal census

was taken cannot be determined from the schedules. It can only be determined, if at all, by using them in connection with other evidence, and this the statute does not permit. The method provided for determining the population of a given city or village under chapter 112 of the Laws of 1896 is a fixed and arbitrary one. The legal intent in thus fixing it is manifest; it is not only to regulate the traffic in liquors, but also to provide, with as little expense as possible, a revenue for the State. Hence, the provision that the tax to be paid by a city or village shall be determined by the population as shown by the last State census; or, if not thus shown, then by the last Federal census; and, if not shown by either, then the amount fixed by the statute itself.

The plaintiff, however, contends that the population of this village is established by the certificate of Donnell (Plaintiff's Exhibit 2). This official certifies that the paper attached to the certificate " is a statement as nearly correct as can be ascertained from the population schedules." But the population schedules, so far as the same relate to the village of Waterford, were put in evidence; and whether or not such schedules show the population of that village, must be determined by the court and not by the conclusion of any witness or official. It has always been held that the construction of an instrument when the instrument itself is put in evidence, is for the court. (*United States* v. *Ames,* 99 U. S. 45; *Bonnell* v. *Griswold,* 68 N. Y. 294; *Buffalo Catholic Institute* v. *Bitter,* 87 N. Y. 250; *Bogardus* v. *New York Life Ins. Co.,* 101 N. Y. 328.) Authorities to this effect are numerous and decisive. Therefore, when this piece of evidence is construed in connection with the schedules upon which it purports to be based, it at once becomes apparent that nothing is added to or taken from the schedules. Indeed, the certificate throws no light whatever upon the real matter under consideration.

The defendant insists that the certificate of Donnell (Plaintiff's Exhibit 2) cannot be considered as evidence. The admission of this certificate as evidence was objected to by defendant, and at the close of the trial a motion was made to strike it out, and, by consent of counsel, the disposition to be made of the motion was reserved until this time. I think defendant's motion should be granted. Section 944 of the Code of Civil Procedure provides: "A copy of a record or other paper remaining in a department of the government of the United States is evidence when certified by the head, or acting chief officer, for the time being, of that depart-

ment; or when certified by the officer in whose charge it is, pursuant to a statute of the United States, or otherwise in accordance with a statute of the United States relating to certifying the same * * *." This exhibit is not a copy of any record or other document remaining on file in any department of the United States. It is simply an attempt on the part of an official to give his conclusions as to what a record on file contains. Under the statute referred to an officer can certify to the correctness of a copy of a record on file, but the court must determine what the record contains and what its legal effect is. For these reasons I strike out this exhibit and give the plaintiff an exception; and, with this evidence stricken out, there is nothing whatever to show what the population of the village of Waterford is. The conclusion thus reached renders it unnecessary to pass upon the other question presented.

It follows that the complaint must be dismissed.