### Ex parte CROWLEY.

(District Court, D. Massachusetts. December 13, 1920.)

No. 1918.

1. **Jury ☞19 (19)—No jury trial in habeas corpus proceedings, where facts not in dispute.**

A jury trial will be denied in a habeas corpus proceeding by a person in custody under an extradition warrant, where the essential facts are not in dispute.

2. **Extradition ☞24—Request must be honored, unless defendant not in state when crime could have been committed.**

When a person is formally charged with crime, and his extradition is requested, the request must be honored, unless he proves that he was not in the demanding state at any time when it was possible for him to have committed the crime charged.

3. **Extradition ☞35—Sufficient if accused is shown to have been in demanding state about time alleged.**

As the prosecution is not bound to establish on the trial of a criminal case that the crime charged was committed on the exact date specified, it is sufficient in extradition proceedings if accused is shown to have been in the demanding state "in the neighborhood of the time alleged."

4. **Extradition ☞35—Whether defendant's presence in the demanding state had any connection with the crime cannot be tried.**

When it appears in an extradition proceeding that defendant was present in the demanding state at a time when it was possible for him to have committed the crime charged, the question whether such presence had any connection with the crime cannot be tried.

5. **Brokers ☞5—Principal liable under Blue Sky Law for sales of stock which he directed, though not personally present.**

Though defendant was not in Michigan when sales of stock in violation of the Blue Sky Law of that state were made by a branch office of his business, he may be criminally responsible for them while in that state, if, when there previously, he directed or arranged for them.

6. **Habeas corpus ☞113 (3)—Appeal disallowed when no doubtful questions of fact or unsettled questions of law.**

In a habeas corpus proceeding by one in custody under an extradition warrant, when there is no doubtful question of fact, and all questions of law have been settled by decisions of the Supreme Court, an appeal will be refused as frivolous.

Habeas Corpus. On petition by James D. Crowley for a writ of habeas corpus. Petition dismissed.

Thomas D. Lavelle and Walter A. Buie, both of Boston, Mass., for petitioner.

J. Weston Allen, Atty. Gen., for respondent.

MORTON, District Judge. [1] Habeas corpus to secure the discharge of the petitioner from custody under an extradition warrant

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

issued by the Governor of Massachusetts for his rendition to the state of Michigan. The case was heard on the petition, motion to dismiss, and answer. Such evidence was introduced as either party desired to offer. The petitioner has moved for a trial by jury; but, as the essential facts are not in dispute, I do not think the motion should be allowed; and it is denied.

The petitioner did business as a stockbroker under the name of J. D. Crowley & Co., or was a member of a partnership of that name. The principal office was in Boston, where Crowley resides. There was a branch office in Detroit, Mich., at which certain stocks were sold. The petitioner was complained of before the Michigan courts for larceny, and for violation of the so-called "Blue Sky" Law of that state (Pub. Acts 1915, No. 46); and a request in due form was made by the Governor of Michigan upon the Governor of Massachusetts for his extradition. After hearing, this request was denied by the Governor of Massachusetts as to the charges of larceny, and those need not be further considered. It was honored as to the charges under the "Blue Sky" Law; and the warrant issued for Crowley's rendition to the Michigan authorities, under which he is now held. The question is whether his rights under the Constitution and laws of the United States have been violated in the extradition proceedings.

The first contention of the petitioner is that he is not a fugitive from the justice of Michigan, because he was not present in that state at the time when the crime charged is alleged to have been committed. The complaints charge Crowley with the sale of unauthorized securities to a person named and to divers other persons, on or about the 15th or 24th days of January, 1920. The Governor of Massachusetts had before him evidence that Crowley was in Michigan on December 20th, and then talked with his representatives there about sales of the stock mentioned in the complaint, and that after the dates specified he was in Michigan, and referred without disapproval to similar sales of stock. There was no evidence that he was in Michigan on either of the days named in the complaints.

[2-4] It is not necessary that there should be. When a person is formally charged with crime, and his extradition is requested, the request must be honored, unless the accused proves that he was not in the demanding state at any time when it was possible for him to have committed the crime charged. As the prosecution is not bound to establish on the trial of a criminal case that the crime charged was committed on the exact date specified, it follows that in extradition proceedings it is sufficient if the accused is shown to have been in the demanding state "in the neighborhood of the time alleged." Holmes, J., in Strassheim v. Dailey, 221 U. S. 286, 31 Sup. Ct. 560, 55 L. Ed. 735. Whether the defendant's presence had any connection with the crime— i. e., his guilt or innocence—cannot be tried in those proceedings. In re Montgomery (D. C.) 244 Fed. 967 (affirmed 246 U. S. 656, 38 Sup. Ct. 424, 62 L. Ed. 924), shows how far the decisions have gone in this direction.

[5] Even if Crowley was not in Michigan when the sales in question were made, he may be criminally responsible for them in that state, if,

while there, he directed or arranged for them. Strassheim v. Dailey, 221 U. S. 280, 31 Sup. Ct. 558, 55 L. Ed. 735.

The other questions of law raised by the petitioner are covered by the opinion in Graves, Petitioner, filed this day.

[6] The petition must be dismissed. Inasmuch as all questions of law involved have been settled by decisions of the United States Supreme Court, and there is no doubtful question of fact, the execution of the extradition warrant ought not to be further interfered with or delayed by these proceedings. I shall therefore follow the practice approved in this circuit by Judges Putnam and Lowell in Storti's Case (C. C.) 109 Fed. 809, although I am aware that some doubt had been expressed about it, and refuse to allow an appeal, which in my opinion would be frivolous.

Petition dismissed.