[No. 2501]

THE  STATE  OF  NEVADA, RESPONDENT, *v.*
A. CERFOGLIO, APPELLANT.

[205 Pac. 791 ; 213 Pac. 102]

1. PERJURY—VARIANCE AS TO DATE OF ORAL TESTIMONY IN COURT
   IS NOT FATAL.
      A charge of perjury, based upon oral testimony given in open court, is not within the rule making the date material if the charge is based on the record, so that a variance between the date as alleged and the proof of the date on which the false testimony was given was not material, and does not invalidate the conviction under Stats. 1919, c. 232, sec. 205.

2. CRIMINAL LAW—INTENT AND CORRUPT MOTIVE ARE MATERIAL
   IN PERJURY PROSECUTION AND PROVABLE BY EVIDENCE OF OTHER
   OFFENSES.
      Under Rev. Laws, 6350, intent and corrupt motive are the very foundation of the crime of perjury, so that, in a prosecution thereof, evidence of other offenses is admissible to show such intent and motive.

## Points decided

3. CRIMINAL LAW—EVIDENCE OF PROCURING WITNESSES TO BE ABSENT FROM PERJURY TRIAL IS ADMISSIBLE.

   In a prosecution for perjury, evidence that accused had induced witnesses to absent themselves from the state at the time of the perjury trial is admissible against accused.

4. CRIMINAL LAW—DEFENDANT'S POSSESSION OF LIQUOR IS ADMISSIBLE WHERE PERJURY PROSECUTION WAS FOR FALSITY OF TESTIMONY DENYING POSSESSION.

   Where the testimony on which a charge of perjury was based was given in a trial of defendant for unlawful possession of liquor and consisted in his testimony that the customers brought the liquor with them, proof that the defendant possessed the liquor was competent against him to show the falsity of his testimony, though it also showed the commission of another offense.

5. PERJURY—TESTIMONY OF SUBORNED WITNESSES AT FORMER TRIAL HELD COMPETENT.

   Where defendant accused of perjury was charged with inducing two other witnesses to testify falsely to the same facts as he testified to at his trial for violating the prohibition law, the testimony given by those witnesses in his behalf at the former trial is admissible against him in the perjury prosecution to lay the foundation for proof that his testimony in the previous trial was false and was given wilfully and corruptly; the statute prescribing the conditions under which testimony taken upon the trial of a case may be used upon a retrial not being controlling.

6. PERJURY—FALSITY OF TESTIMONY MAY BE PROVED BY CIRCUMSTANTIAL EVIDENCE.

   The rule, as generally stated, that, to sustain a conviction for perjury, there must be the testimony of two witnesses or of one witness, supported by circumstantial evidence, was adopted to prevent a conviction for perjury based upon oath against oath, and does not preclude a conviction, where the falsity of the testimony is proved only by circumstantial evidence.

7. PERJURY—CIRCUMSTANCES HELD SUFFICIENT TO SHOW FALSITY OF TESTIMONY.

   In a prosecution for perjury based on false testimony by defendant that his customers poured out the brandy for themselves from a bottle they brought with them, evidence that accused was seen by a witness to have the bottle in his hand and ready to pour it out, and that another witness shortly thereafter saw the liquor in the glasses of the customers, and was told by the defendant that it was brandy, and had some poured into his glass by defendant, *held* sufficient, with evidence of subornation of other witnesses to testify falsely to the same effect, to show that defendant's testimony was false, though no witness actually saw him pour out the liquor.

8. CRIMINAL LAW—HAVING STENOGRAPHER'S NOTES READ HELD NOT MISCONDUCT BY DISTRICT ATTORNEY REQUIRING REVERSAL.

Where defendant charged with perjury introduced evidence that a witness for the state had been permitted to go on his own recognizance, evidently to imply that he had been so released as a reward for his testimony, and the district attorney thereupon had the stenographer read the notes relating to such release to show that the witness had been on bond given by defendant's partner, and had been surrendered by the partner after he had testified for the state, the action of the district attorney, if misconduct not justified by the defendant's act, was cured by the action of the court in striking out the testimony and directing the jury to disregard it.

9. PERJURY—EVIDENCE WITNESSES SUBORNED TO TESTIFY FALSELY HAD NOT TOLD ACCUSED THEY DID NOT SEE TRANSACTION WHICH NEVER TOOK PLACE IS UNNECESSARY.

In a prosecution for perjury, where there was evidence accused had suborned other witnesses to testify falsely in support of his testimony, it was not necessary to require a finding that those witnesses had not told defendant they did not see the transaction concerning which he suborned them to testify, where the evidence showed that transaction never took place.

ON REHEARING

1. PERJURY—NO CONVICTION, WHERE CIRCUMSTANCES ARE AS CONSISTENT WITH INNOCENCE AS WITH GUILT.

There can be no conviction of perjury, where the circumstances, though they create a strong presumption of guilt, are as consistent with the theory of innocence as they are with the theory of guilt.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

A. Cerfoglio was convicted of perjury, and he appeals. **Affirmed. On rehearing, reversed and remanded, with directions to dismiss.**

*Frame, Morgan & Raffetto* and *Moore & McIntosh,* for Appellant:

There is a fatal variance as to the time of the offense as alleged and as stated by the testimony. "In prosecutions for perjury, the common-law rule seems to be that the time when the crime was committed must be truly alleged in the indictment, and proved as laid." State v. Ah Lee, 23 Pac. 424; 16 C. J. 1259; 22 Cyc. 314; 1 Wharton, Crim. Prac., sec. 177.

Evidence of other independent offenses is not admissible.  State v. McFarlin, 41 Nev. 499;  Commonwealth v. Shepherd, 1 Allen, 587;  Mahon v. State, 79 S. W. 28;  People v. Grant, 161 N. Y. S. 718.

Attempt to show other crimes is prejudicial (16 C. J. 1144), and insinuating other offenses (Hager v. State, 133 Pac. 263;  State v. Baum, 151 Pac. 518;  Nicholizack v. State, 105 N. W. 895;  Herren v. People, 62 Pac. 833).

It is error to admit evidence of offense of procuring the absence of a witness.  People v. Carpenter, 68 Pac. 1027;  Edelhoff v. State, 36 Pac. 630;  State v. Leparage, 57 N. H. 245;  People v. Hill, 264 Ill. 638.

Admission of evidence taken at a former trial of defendant was erroneous.  16 C. J. 757, 838, 839;  State v. Woods, 81 Pac. 184;  Somers v. State, 113 S. W. 533;  Childers v. State, 16 S. W. 903;  People v. Brennan, 53 Pac. 1099;  Kirby v. U. S., 174 U. S. 47.

Introduction of prejudicial evidence, or prejudicial remarks of the district attorney, constitutes ground for reversal, even though the jury are instructed to disregard them.  State v. Rodriguez, 31 Nev. 342;  State v. Irwin, 71 Pac. 609;  State v. Comisford, 41 Nev. 180;  16 C. J. 1141;  Watson v. State, 124 Pac. 1101.

The evidence is insufficient to support the verdict. The direct and positive testimony required by law in perjury cases is absolutely lacking, there being corroborating facts and circumstances that are as consistent with innocence as with guilt.  30 Cyc. 1452, 1453;  People v. Chadwick, 4 Cal. App. 63;  People v. Porter, 104 Cal. 415;  People v. Maxwell, 118 Cal. 50.

*L. B. Fowler,* Attorney-General; *Robert Richards,* Deputy Attorney-General, and *L. D. Summerfield,* District Attorney, for Respondent:

"Strict proof that the perjury charged was committed on the day alleged is not essential, save when necessary to identify the record, deposition, or affidavit in which the oath was taken."  30 Cyc. 1441;  Dill v. People, 36 Pac. 229.  The common-law rule requiring a definite

allegation as to time has been changed by statute. Rev. Laws, 7051, 7055, 7066; 21 R. C. L. 275; Matthews v. U. S., 161 U. S. 500; State v. Perry, 117 Iowa, 463; State v. Fulason, 79 Me. 117; Keater v. People, 32 Mich. 484; People v. Hoag, 2 Park. Cr. 9; State v. Clark, 2 Tyler (Vt.) 277.

Proof of independent offenses is admissible. 30 Cyc. 1444; 21 R. C. L. 274; State v. Kimes, 132 N. W. 180. "We have no doubt the evidence was admissible as tending to show that H. endeavored to influence M. to give false testimony in respect to the very same matter touching which alleged perjury was committed." Heflin v. State, 88 Ga. 151, 30 Am. St. Rep. 147.

Evidence that defendant procured the absence of witnesses was admissible. State v. Kimes, supra; People v. Macard, 67 N. W. 968.

Judgment of conviction in the prior case was simply part of the record of that proceeding, and was admissible. The state having alleged that the perjury was committed in a judicial proceeding, it was required to make proof of the allegation. 30 Cyc. 1445, 1446, 1449, 1450; 21 R. C. L. 275; Heflin v. State, supra; 16 C. J. 588.

There was no request by defendant for a limitation of instructions. "In the absence of a proper request therefor, it is not error to fail to give an instruction limiting the purpose for which particular evidence may be considered." 16 C. J. 1058; State v. Smith, 10 Nev. 106; State v. Davis, 14 Nev. 407; State v. St. Clair, 16 Nev. 207; State v. Simas, 25 Nev. 432; State v. Blake, 39 Nev. 115; Holmes v. State, 131 Ga. 806; State v. Gaston, 96 Iowa, 505; State v. Starr, 148 S. W. 862.

Statements by the district attorney "are not sufficient to warrant a new trial where they are either withdrawn or ordered stricken out, and the jury directed to disregard them." State v. Petty, 32 Nev. 384; 16 C. J. 880, 916, 919; State v. Mircovich, 35 Nev. 485; State v. Clancy, 38 Nev. 181.

The evidence amply justifies the verdict. It is sufficient if the crime of perjury is established by competent evidence so as to satisfy the minds of a jury beyond a reasonable doubt. Ex Parte Metcalf, 8 Okl. Crim. 605; Plummer v. State, 35 Tex. Crim. 202; People v. Doody, 172 N. Y. 165.

By the Court, COLEMAN, J.:

An order was heretofore entered affirming the judgment in this case, for the reason that no bill of exceptions had been made a part of the record. 46 Nev. 331. Thereafter counsel for the state stipulated that a bill of exceptions had been duly settled, and that the order affirming the judgment might be vacated and the case be considered upon its merits, which was accordingly ordered. This is an appeal after conviction upon a charge of perjury, alleged to have been committed during the trial of appellant for a violation of the prohibition statute.

The testimony given by appellant, and which constitutes the basis of this prosecution, is to the effect that on August 26, 1920, at the Europa Hotel, in Reno, Washoe County, several men came into the bar in said hotel and asked for glasses with soda, and that one of them took a bottle from the inside of his coat pocket and filled the glasses with the contents thereof. A verdict of guilty was returned by the jury. In apt time, a motion for a new trial was made. The appeal is from the order denying the motion for a new trial, and from the judgment.

1. The first error relied upon goes to an alleged variance between the allegation in the information and the proof. The information charges that the alleged perjured testimony was given on October 6, 1920, whereas it was in fact given on the 5th day of that month. In support of the contention, we are directed to 22 Cyc. 314, where we find the following:

"Where time is to be proved by record, as on an indictment for perjury, the date must be truly laid, and a variance will be fatal. * * * Where the charge is not based on a record or other writing, and the statement alleged to have been false would have constituted perjury whether made on the date laid or on the date proven, the allegation of time is immaterial."

The authority invoked is not in point. The charge of perjury is not based on a record or any kind of a writing, but upon oral testimony given in open court in a trial before a jury. By express statutory regulation, the precise time at which an offense was committed need not be alleged, except where or when the time is a material ingredient of the offense. Stats. 1919, sec. 205, p. 417. Such is the general rule in perjury cases. 30 Cyc. 1441; Dill v. People, 19 Colo. 469, 36 Pac. 229, 41 Am. St. Rep. 254. It is not suggested that the date of the alleged perjury is a material ingredient of the offense.

It is also asserted the trial court erred in admitting in evidence testimony tending to show the commission of three separate and distinct crimes by the defendant, other than that for which he was on trial, to wit: (1) The procuring of witnesses to testify during the trial on the charge of violating the prohibition statute to the state of facts then testified to by the defendant, and which it is charged constituted perjury on the part of the defendant; (2) testimony tending to show that appellant had procured the departure from the state of two witnesses for the prosecution, so as to be absent during the trial of appellant upon the perjury charge; and (3) proof tending to show .the guilt of defendant of having liquor unlawfully in his possession in the place wherein he was convicted of having violated the prohibition statute.

2. Relying upon the general rule that evidence of independent crimes cannot be admitted, except to show, among other things, motive and intent (State v. McFarlin, 41 Nev. 486, 172 Pac. 371), it is said that in the instant case none of these things was an issue. We can-

not accept this statement. We think intent and corrupt motive are the very foundation of the crime of perjury. There can be no perjury, nor subornation of perjury, under our statute, unless the elements of wilfulness and corruption enter into the act. Rev. Laws, 6350. Had not the information charged wilfulness and corruption on the part of appellant in giving the alleged false testimony, it would not have charged a crime, and had the court failed to cover these elements in its instructions, no doubt counsel would be basing error thereon in this appeal. Hence we think the evidence tending to show wilful and corrupt false swearing on the part of the appellant was proper and competent, because it tended to establish one of the essential elements of the crime itself. It is said:

"Since wilfulness and a corrupt intent are essential elements of the crime of perjury, evidence to prove such issues goes to the very substance of the offense, and is admissible." 30 Cyc. 1444.

"Evidence is also admissible to show that the accused, in a private interview, endeavored to influence a third person to give false evidence in the same case and in respect to the same matter in which the alleged perjury was committed." 21 R. C. L. 274.

3. We think the second contention equally devoid of merit. It is now a well-recognized rule that evidence tending to show that the accused endeavored to prevail upon a witness for the state to abscond is relevant to the main issue. 12 Cyc. 398; Blair v. State, 72 Neb. 501, 101 N. W. 17.

4. As to the third point, the evidence showing the defendant's possession of jackass brandy was a part of the main case, as it was a circumstance tending to show the falsity of testimony given by him. If he did not have jackass brandy in his possession at the time, he could not be guilty of perjury; hence the necessity of showing his possession of the brandy.

5. It is also insisted that the court erred in overruling defendant's objection to the introduction of the testimony of the witnesses Albert and Tada, given by

them in behalf of appellant in the case wherein he was on trial charged with violating the prohibition statute. To sustain the contention, it is said that we have a statute prescribing the conditions under which testimony taken upon the trial of a case may be used upon a retrial, and that it controls in this case. We cannot accede to this contention. The purpose of the statute mentioned never contemplated the situation before us. The purpose of offering in evidence upon the trial of this case the testimony given by Albert and Tada in the other trial was to show that their testimony at that time was the same as that given by the defendant therein, and that it was false and given at the solicitation of appellant. In other words, it was to lay the foundation for proving that appellant swore falsely in that case, and that he did it wilfully and corruptly. The evidence was perfectly competent for that purpose.

6. It is also said that the evidence is insufficient to support the verdict; that there is not sufficient competent evidence to sustain it. Reliance is had to support this view upon the proposition that the falsity of the testimony which it is charged was perjury must be shown by at least two witnesses, testifying directly and positively, or by the direct and positive evidence of one witness, corroborated by facts and circumstances; and our attention is called to 30 Cyc. pp. 1452, 1453; People v. Chadwick, 4 Cal. App. 63, 87 Pac. 384–389; People v. Porter, 104 Cal. 415, 38 Pac. 88; People v. Maxwell, 118 Cal. 50, 50 Pac. 18. In 30 Cyc. p. 1452, we find the following:

"Positive and direct evidence is absolutely necessary in a perjury case; circumstantial evidence standing alone is never sufficient."

We cannot say that we disagree with the rule contended for, but rather as to its proposed application. Does it apply to the situation in hand? This necessarily leads to an inquiry as to the true significance of the rule as stated, and as to what situation it is meant to apply. For an understanding of the type of cases to which the

rule applies, we must resort to a consideration of its origin, and just what was merely meant by it as first expressed. The rule is supposed to have had its origin in the case of The Queen v Muscot, 10 Mod. Rep. 193. Extracts from this decision are given in many of the old text-books, but none of them conveys a complete idea of what was really decided. The Supreme Court of the United States, in U. S. v. Wood, 14 Pet. 430, 10 L. Ed. 527, quotes from various authors who, in support of their text, cite the authority mentioned, but the court gives only fragments of what was supposed to have been said therein. Evidently the decision itself was not at hand. In view of the fact that the case was decided in 1712, long prior to the writing of any of the works cited in U. S. v. Wood, we think we can with profit quote from the opinion:

"There is this difference between a prosecution for perjury and a bare contest about property, that in the latter case the matter stands indifferent; and therefore a credible and probable witness shall turn the scale in favor of either party; but in the former, presumption is ever to be made in favor of innocence; and the oath of the party will have a regard paid to it, until disapproved. Therefore to convict a man of perjury, a probable, a credible witness is not enough; but it must be a strong and clear evidence, and more numerous than the evidence given for the defendant; for else there is only oath against oath."

What is the real significance of this language? It is apparent that the court was endeavoring to distinguish between the weight to be attached to two opposing witnesses in two different situations; that is, as between a case in which there is a prosecution for perjury and a civil suit over property. The learned jurist held that in a civil suit the testimony of a credible and probable witness (when opposed by one whose testimony was not probable) should turn the scale, but that in a prosecution for perjury, since the defendant is presumed as a matter of law to be innocent, and must be shown to be

guilty beyond a reasonable doubt, the evidence of a witness in his behalf will receive regard until disproved. Therefore to convict of perjury the testimony of one credible and probable witness on the part of the prosecution is not enough when opposed by the testimony of one witness on behalf of the defendant, but the testimony of such witness on the part of the prosecution must be corroborated by that of another witness, or by facts and circumstances, for otherwise there is only oath against oath.

The strength of the rule thus enunciated seems impregnable when we stop to consider two facts which seem to have escaped the attention of counsel for appellant, and, indeed, of all the authorities in this country. In the first place, the difference between a criminal case and a civil case, as pointed out, is this: In a civil case, wherein a contest is waged over property, there is no presumption in favor of either party; they enter upon the trial of their case even-handed, so to speak, and the court is controlled by a preponderance of the credible evidence; when in a criminal case the defendant is presumed to be innocent, and must be shown to be guilty beyond a reasonable doubt. Furthermore, as the law existed at the time the case in 10 Mod. Rep. 193 was decided, the defendant could not testify in his own behalf. The witness whom he might produce to testify was not subject to the same temptation to falsify, as was the defendant, and this no doubt had its influence in leading to the adoption of the rule that no conviction of perjury should be had in a case where oath was opposed to oath. With us, a defendant may testify in his own behalf; his testimony to receive such consideration as the jury may see fit to accord it.

The great majority of cases in this country, cited to sustain the rule contended for by appellant, are of the character where oath is opposed to oath, and not cases similar to the instant one, or where circumstances are opposed to the oath of the person charged with perjury, who is more likely to swear falsely in his own defense

than would be a witness disinterested in the result. In other words, two elements existed when the case in 10 Mod. Rep. 193 was decided, which do not enter into the instant case: First—This is not a case in which the direct and positive testimony of a living witness is relied upon to establish the perjury, to which is, or from the circumstances of the case can be, opposed the direct and positive testimony of a living witness in behalf of the defendant; and, secondly, a distinguishing feature of this case, and which of itself would take it out of the rule contended for, is the fact that the defendant did not testify upon the trial, in substance, that his testimony given in the former trial was in accordance with the truth, nor did any witness in his behalf so testify. In fact, the testimony on the part of the prosecution tending to establish circumstances showing the guilt of the defendant was not contradicted by any witness, nor attempted to be contradicted.

The contention of counsel, in its final analysis, resolves itself into the assertion that perjury cannot be shown by circumstantial evidence. We think the contention without support, either in reason or authority.

In People v. Doody, 172 N. Y. 165, 172, 64 N. E. 807, which was a prosecution for perjury, it was held that circumstantial evidence would sustain a conviction. The defendant had testified on several occasions to a certain state of facts. In another trial he testified that he did not remember. No living witness could testify that he did remember, but the court held that the jury was justified in convicting under the circumstances shown.

In Metcalf v. State, 8 Okl. Crim. 605, 129 Pac. 675, 44 L. R. A. (N.S.) 513, it was held that there might be a conviction upon circumstantial evidence, quoting from authorities to sustain the position. We think, too, a critical reading of People v. Chadwick, 4 Cal. App. 63, 87 Pac. 384, 389, relied upon by appellant, sustains this view. That was a case in which the defendant was convicted of falsely testifying that he had sent two

telegrams, written and delivered by him in his cell, after his arrest in Ogden, Utah. The state offered affirmative proof that the telegrams had been written before his arrest. The court held:

"If they were written before he was arrested his testimony that he wrote them after his arrest and while confined in his cell under such arrest was false. Any evidence, therefore, sufficient to establish as a fact that the telegrams had been written before his arrest would establish the physical impossibility of their having been written by him in his cell after his arrest, and thus demonstrate the falsity of his testimony."

7. Are the circumstances shown in the case before us sufficient to sustain the verdict? As stated, the defendant is charged with having corruptly given false testimony in a case wherein he was on trial for having in his possession intoxicating liquor in the Europa Hotel. In that case his testimony was to the effect that on August 26, 1920, three or four men came into the bar and asked for glasses with soda, which he gave them, and that one of them took a bottle from his inside coat pocket and poured the contents thereof into the glasses. It is contended that the testimony of the defendant as to who poured the contents into the glasses was false, and that it was corruptly given. To sustain this contention, one Gilbert, a member of the state police, testified that on the day mentioned he went into said bar and saw three men standing in front thereof, each with a glass in front of him; that the defendant, while behind the bar, took a certain bottle, and was about to pour therefrom into one of the glasses; that he immediately went out and called D. B. Renear, a sergeant of the state police, and sent him in. Renear testified that about half a minute elapsed between Gilbert's coming out of the saloon and his going in; that when he got in he saw the glasses with their contents, and a 50-cent piece on the bar before each of the glasses; that he asked defendant what was in the glasses, to which he replied, "Jackass brandy; you want some?" to which

the witness said, "Yes," and the defendant got the bottle and poured him some in a glass; that the witness drank some of it, and then grabbed the other glasses, with their contents, and notified the defendant that he was under arrest; that defendant immediately poured the contents out of the bottle, and about that time Gilbert came in and got the bottle, into which the contents of the four glasses was poured. The analysis showed the contents to be jackass brandy. The evidence is to the effect that the bottle into which Renear poured the jackass brandy is the one which Gilbert saw the defendant in the act of pouring from. In addition to the foregoing evidence on the part of the state, there is the testimony of Albert and Tada as to their leaving the state at the solicitation of the defendant, so as not to give testimony against him.

The defendant went upon the stand in his own behalf, but did not testify as to anything that had happened in the saloon. The testimony of Gilbert and Sergeant Renear as to what transpired is uncontradicted. The defendant's testimony is confined to the circumstances under which Albert and Tada left the state, and what happened after their return.

We think the facts amply justify the verdict. True, no one saw defendant pour the jackass brandy into the three glasses, but he was seen about to pour it; a 50-cent piece was on the bar for each glass; he had jackass brandy in his possession in the bottle which he held in his hand when about to pour, and thereafter poured some of it into a glass for Renear. These uncontradicted circumstances were sufficient to warrant a conclusion on the part of the jury that he did pour jackass brandy into the three glasses from the bottle which he took from behind the bar, and that the testimony given by him on his former trial was corruptly false.

We think, too, that the circumstance of defendant's procuring the leaving of the state by the witnesses Albert and Tada, if the jury believed that he did so,

346   STATE *v.* CERFOGLIO   [46th Nev.

Opinion of the Court—Coleman, J.

which was for them to determine, was of considerable weight in determining the guilt of the defendant. In State v. Kimes, 152 Iowa, 240, 132 N. W. 180, the court said:

"The conduct of a suspected party charged with crime may be shown to be such as an innocent person would not be likely to resort to. Such a fact is not conclusive of guilt, but it may strengthen the inferences of guilt arising from other facts. Like attempts to escape or fly which do not in themselves establish the commission of the crime charged, but tend to show conduct inconsistent with innocence, the attempt to secure false testimony by bribery is so inconsistent with consciousness of innocence of the crime charged that the jurors may take it into account as bearing on the question of defendant's guilt"—citing authorities.

8. It is said that the district attorney was guilty of misconduct warranting a reversal of the judgment. This alleged misconduct grows out of the testimony of the witness Albert, to the effect that he had been induced to leave the jurisdiction of the court so as not to be available as a witness against the defendant. The witness also was under indictment for alleged perjury committed upon the trial of the defendant upon the charge of having intoxicating liquor in his possession. Immediately after Albert had given testimony in the instant case in favor of the state, Joe Mozitti, a partner of defendant, withdrew from Albert's bond and surrendered him to the sheriff. The district attorney, having learned the facts during the recess of the court, made a motion that Albert be permitted to go upon his own recognizance, and the court entered an order accordingly. Counsel for defendant, learning thereof, called as a witness a deputy clerk of the court, who testified as to the motion of the district attorney and the order of the court. This testimony did not pertain to the merits of the case, and could have been offered for only one purpose, namely, to lead the jury to believe that Albert had been allowed to go on his own recognizance as a reward for his testimony to the effect that

he had been induced to leave the state by the defendant so as not to appear against him. After the testimony of the deputy clerk had been received, showing the order permitting Albert to go upon his own recognizance, the district attorney called the stenographer, who testified, over the objection of counsel for defendant, as to the statement made by the district attorney as reasons for his motion. Thereafter the court struck out this testimony, and directed the jury to disregard it. In view of the purpose for which the testimony of the deputy clerk was offered, we are not prepared to say that the statement of the district attorney was prejudicial to the defendant. But certainly, under all of the testimony in the record, in view of the order of the court striking out the testimony of the stenographer and directing the jury to diregard it, the defendant was in no way prejudiced.

9. Error is assigned to two instructions given by the court. These instructions are based upon certain evidence which we have held competent and therefore they were properly given. It is said, however, as to one of the instructions, that, if it correctly states the law, the evidence did not justify the giving of it, for the reason that the witnesses Albert and Tada did not tell the defendant that they had not witnessed the transaction concerning which they testified they were induced to swear falsely. These are the witnesses who testified to having been suborned by the defendant to testify falsely on his trial upon the charge of having intoxicating liquor in his possession. We do not think it matters whether they told or did not tell the defendant that they had not witnessed the transaction. If they swore to the existence of a nonexisting fact, it is evident that they could not have told him that they saw it. At any rate, a suborner of perjury cannot escape the consequences of his infamy by such a subterfuge.

We perceive no prejudicial error in the record, and it is ordered that the order and judgment appealed from be affirmed.

## ON REHEARING

By the Court, COLEMAN, J.:

A rehearing was granted in this case, upon which it was orally argued at considerable length. We do not deem it necessary to consider at this time more than two of the points disposed of in our former opinion.

One of the contentions of counsel, as presented in their original brief, and strenuously adhered to upon reargument, is that the state's case is made out merely by circumstantial evidence, as distinguished from direct and positive testimony, and that perjury can only be established by at least two witnesses testifying directly and positively, or by the direct and positive evidence of one witness, corroborated by facts and circumstances. In other words, it was argued that the crime of perjury could not be established by circumstantial evidence. In our former opinion we rejected counsel's contention, and held that perjury might be established by circumstantial evidence. We think that the conclusion which we reached is sustained by ample authority. It is not our purpose to restate our views at great length, but to direct attention to a few authorities in addition to those cited in our former opinion, sustaining the conclusion reached therein.

In 3 Wigmore on Evidence, sec. 2041, the learned author, after devoting twenty-seven pages to discussion of the rule contended for, says:

"The rule is in its nature now utterly incongruous in our system. The quantitative theory of testimony, if consistently applied, should enforce a similar rule for every criminal charge, now that the accused is competent to testify. 'Oath against oath,' as a reason for the rule, is quite indefensible."

In the State of Texas it is provided by statute (Code Cr. Proc. 1879, art. 746) that:

"In trials for perjury, no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other

evidence as to the falsity of the defendant's statements under oath, or upon his own confession in open court."

Notwithstanding this statute, it was held in the case of Maines v. State, 26 Tex. App. 14, 9 S. W. 51, that there could be a conviction of perjury upon circumstantial evidence, the court quoting from section 387, Wharton on Criminal Evidence, as follows:

"The old text-writers, adopting the then current distinction between circumstantial and direct testimony, held that, to convict a witness of perjury, it was necessary that the falsity of his sworn statement should be testified to by two 'direct' witnesses. In view of the fact, however, that all testimony is now considered more or less circumstantial, this rule can be no longer regarded as operative; and we may view it as settled that whenever the falsity of the defendant's statement can be proved beyond reasonable doubt, then there may be a conviction."

The question again came before that court in Maroney v. State, 45 Tex. Cr. R. 524, 78 S. W. 696, where it said:

"Appellant insists that in case of perjury he cannot be convicted upon circumstantial evidence. To this we cannot agree. Since the decision in Maines v. State, 26 Tex. Crim. App. 14, 9 S. W. 51, this court has held that a conviction could be had upon circumstantial evidence in this character of prosecution"—citing authorities.

In 21 R. C. L. pp. 272, 273, it is said:

"The question has been raised as to whether circumstantial evidence alone is sufficient on which to base a conviction, and, while in one or two states it seems to be doubted, the weight of authority is that it is sufficient, provided the facts constituting such circumstantial evidence be directly and positively sworn to by at least one credible witness, supported by corroborating evidence, and, taken as a whole, is of such a conclusive character as to exclude every other reasonable hypothesis except that of the defendant's guilt."

Sustaining this rule are the following cases: Blakey v. Commonwealth, 183 Ky. 493, 209 S. W. 516; State

v. Storey, 148 Minn. 398, 182 N. W. 613; People v. Dowdall, 124 Mich. 166, 82 N. W. 810.

While we adhere to the general proposition that the crime of perjury may be established by circumstantial evidence, we have reached the conclusion that there is not in the instant case that clear, strong, and satisfactory proof of the crime charged which is necessary to a conviction. It is possible, under the circumstances of the case, for the testimony on the part of the state to have been the truth, and that given by the defendant, which is charged as perjured, also to have been the truth. No one testified that one of the men who stood at the bar when Gilbert was in the saloon did not pour the jackass brandy into the three glasses, as was testified to by the defendant. The defendant may have had jackass brandy in his place, some of which he may have given Renear, and one of the three men at the bar may have had some also, and may have poured it into the glasses.

The jury, to convict the defendant, must have indulged in conjecture; they must have drawn the inference that, because the defendant had jackass brandy in his place, neither of the three men at the bar had any, or that they did not pour some into the three glasses. This kind of evidence will not sustain a conviction in a criminal case of any character. We think the rule which controls in the case presented is that there can be no conviction where the circumstances, though they create a strong suspicion of guilt, are as consistent with the theory of innocence as they are with the theory of guilt. State v. Mandich, 24 Nev. 336, 54 Pac. 516; State v. Fronhofer, 38 Nev. 448, 150 Pac. 846; Prather v. Commonwealth, 85 Va. 122, 7 S. E. 178; State v. Bennett (Mont.) 199 Pac. 276; State v. Fountain, 61 Mont. 461, 203 Pac. 355. In this case the state's testimony is consistent with the theory of guilt, but it is also consistent with that of innocence.

For the reason given, the verdict and judgment are reversed, and the trial court is directed to dismiss the case and discharge the defendant.