IN THE MATTER OF THE APPLICATION OF ARTHUR STRICKER, ALIAS BUDDY KING, FOR A WRIT OF HABEAS CORPUS.

ARTHUR STRICKER, ALIAS BUDDY KING, APPELLANT, v. GLEN JONES, SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 3855

May 27, 1955.                    284 P.2d 383.

*Harry E. Claiborne,* Las Vegas, for Appellant.

*George M. Dickerson,* District Attorney and *Gordon L. Hawkins,* Deputy District Attorney, Las Vegas, for Respondent.

**OPINION**

By the Court, EATHER, J.:

This is an appeal from an order of the Eighth judicial district court of the State of Nevada, in and for the county of Clark, after hearing, denying petitioner discharge under a writ of habeas corpus.

On the 10th day of December, 1954, the appellant was arrested by the sheriff of Clark County, Nevada, by virtue of an executive warrant issued by the governor of the State of Nevada, granted on a requisition from the governor of Texas, for the crime of removing mortgaged property from Tarrant County, Texas, without the consent of the mortgagee, which charge was duly recited in an indictment and the request for extradition from the governor of Texas, which set forth that the

appellant was a fugitive from justice from the State of Texas.

The indictment alleges that on the 26th day of December, 1952, in the county of Tarrant, State of Texas, the appellant unlawfully removed a certain automobile of the value of $1,261, and that the appellant had theretofore on the 16th day of October, 1952, executed a valid mortgage lien on such automobile.

It is also stated in the "Application for Requisition" that appellant, since the commission of the offense, and before an arrest could be made, fled from justice of the State of Texas, and is now in the State of Nevada.

On the hearing on habeas corpus in the lower court, all these facts appear to have been established, save the date on which the crime was committed. On December 26, 1952, the acts described in the indictment had already been committed and appellant was not then in the State of Texas. He contends that since he was not in the State of Texas on the date the crime is alleged to have been committed, he cannot be said to be a fugitive from justice.

According to the facts established on hearing on habeas corpus in the lower court, it is clear that appellant is a fugitive from justice upon some crime; and the only question for this court to consider, therefore, is whether the crime of which he is a fugitive has sufficiently been charged in the indictment; in other words, whether the precise date is a material part of the charge. Neither side has contended that the date is a material part of the crime of removing mortgaged property by virtue of the nature of the crime. It is well established that the general law under these circumstances is that a variance between the proof of the date on which the crime was committed and the date stated in the indictment is not a material variance and therefore it may be said that the crime of which appellant is in fact guilty has sufficiently been charged against

him in the indictment. See Grayson v. State, 92 Ark., 413, 123 S.W. 388, 389, where it is stated: " 'The allegation as to the day on which the offense was committed is immaterial, and did not affect the sufficiency of the indictment. * * * According to these provisions of the statute, an allegation in the indictment as to the day upon which the offense charged was.committed cannot affect it, if it can be understood therefrom by a person of common understanding that the grand jury intended to charge that the offense was committed "at some time prior to the time of finding the indictment." ' "

That this is the law in Texas is clearly established in the case of Benson v. State, 128 Texas Criminal Reports, page 72; 79 S.W.2d 122, 123, where the court said: "Without exception, as far as we know, the rule has been laid down and adhered to that the exact date laid in an indictment need not be proved, and all the cases on the point hold unanimously that such averment is sufficiently met by proof of the commission of the offense as of any date anterior to the return of the indictment and within the period of limitation theretofore." Citing cases.

Applying these principles to extradition it was stated in the case of Ex Parte Crowley, D.C.Mass., 268 F. 1016, 1017: "When a person is formally charged with crime, and his extradition is requested, the request must be honored, unless the accused proves that he was not in the demanding state at any time when it was possible for him to have committed the crime charged. As the prosecution is not bound to establish on the trial of a criminal case that the crime charged was committed on the exact date specified, it follows that in extradition proceedings it is sufficient if the accused is shown to have been in the demanding state 'in the neighborhood of the time alleged.' " Cf. State v. Cerfoglio, 46 Nev. 332, 338; 205 P. 791, 213 P. 102, 27 A.L.R. 848.

For the reasons given, it is ordered that the order,

after hearing, denying petitioner discharged under a writ of habeas corpus, is hereby affirmed.

MERRILL, C. J., and BADT, J., concur.