## GENARO BALDINO MARTINEZ, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4347

April 7, 1961                                         360 P.2d 836

*E. R. Miller, Jr.,* of Ely, for Appellant.

*Roger D. Foley,* Attorney General, and *Norman H. Samuelson,* Deputy Attorney General, of Carson City; *A. D. Demetras,* District Attorney, White Pine County; for Respondent.

**OPINION**

By the Court, PIKE, J.:

Appellant was charged in an information filed at Ely, White Pine County, Nevada, with having on or about the 18th day of March 1959 committed the crime of rape. The jury returned a verdict of guilty, upon which verdict the court entered its judgment. Appellant's notice of appeal is from the judgment "and the whole thereof" entered by the district court on March 25, 1960. There is no notice of appeal from the order of the court denying appellant's motion for new trial, appellant's counsel contending that the notice of appeal above referred to should be viewed as including an appeal from the order denying the motion for new trial entered March 25, 1960, prior to the entry of the judgment on the same date.

Points urged on appeal by appellant are (1) the verdict is contrary to the law and the evidence; (2) error by the trial court in giving instruction No. 25 and in refusing to give appellant's proposed Instruction No. 1; (3)

error by the trial court in refusing to grant a new trial based on the affidavit of Juan Rivera.

The girl referred to in the information was 17 years of age and an eighth grade student at the time of the alleged offense. She testified that a few days prior to March 18, 1959 appellant who was sitting alone in his car near a local drug store told her that he wanted a date with her, and she told him that she couldn't go out with him unless she asked her mother. She further testified that, although on two or three occasions on subsequent days he honked the horn of his automobile outside her house, she did not go out of the house to see him; that on March 18 when he parked in front of the house and asked her to go for a ride with him, she accepted his invitation after her mother had given her permission to do so. Her further testimony was that it was about seven o'clock in the evening and getting dark when the appellant, after taking her for a ride outside of town, turned around and drove past the girl's house, but refused to stop when she told him to, and grabbed her arm and prevented her from getting out of the car while he continued about a mile and a half out of town where he stopped the car. The girl testified that appellant then committed an act of sexual intercourse with her in his automobile. He thereafter returned her directly to her home, where she hurried into the house and did not tell her mother what had happened. Likewise, there is no evidence that she told anyone until the following September 9th that appellant had intercourse with her. On the latter date appellant, upon the insistence of the girl's father, came to the girl's home where, in the presence of her parents, she identified appellant as the man responsible for her pregnancy. She testified that, although he at that time denied that he was the father of her unborn child, he pleaded with her not to report him to the police and promised that he would give her "everything he had" if she would not do so. The following day, September 10, 1959, the girl verified a criminal complaint charging the defendant with having committed the offense of rape on or about "the 30th day of April 1959." On December 28, 1959 the district attorney filed the information here under consideration,

charging the offense to have been committed on or about the "18th day of March, 1959." The documents bearing inconsistent dates were read to the jury.

The girl and her mother testified that, after the March 18 occurrence appellant drove around the girl's house at night, but there was no evidence that they ever talked or spent any time together again until the above mentioned meeting of September 9. The girl's mother testified concerning appellant's taking the girl with him in his car on the evening of March 18, and returning the girl home. She also testified to appellant's riding in the vicinity of the girl's home on occasions both before and after March 18. Both parents and a 16-year-old sister corroborated portions of the girl's testimony relating to appellant's conduct and statements made at the girl's home on September 9.

A younger sister testified concerning the occasion when appellant sought to have her go with him in his automobile. Other girls residing in the community, as well as certain adults, told of appellant's language and conduct in their presence and of his efforts to have them accompany him on automobile rides. Both the mother and a younger brother testified concerning the requests made by appellant that two girl members of another family accompany him and another man on a fishing trip.

Other testimony showed similar activities on the part of appellant in seeking to have schoolgirls accompany him in his car.

Appellant denied that he had committed the offense, and attacked the credibility of the girl and that of other witnesses who testified for the prosecution. He testified that the only time he was alone with the girl in his car was one evening in May 1959, and that his purpose in having her accompany him on roads outside of town was to talk to her and discourage any inclination she may have had to marry appellant's brother. Appellant further testified that, after heated arguments in the course of which the girl admitted to him she had had sex relations with other men, she reluctantly promised appellant she would not marry appellant's brother.

Appellant's brother testified that he and a group of young people, including the girl, were occupants of an

automobile which stopped at night in January of 1959 outside of Ely and that he remained immediately outside the car and that other members of the group remained in the near vicinity of the car while the girl and a male member of the group had sex relations within the automobile. The testimony of this witness, had the jury accepted it as true, would not only have contradicted certain of the girl's testimony but, by reason of her participation in sex relations, would have tended to support appellant's contention that the child born to her had been conceived at a date prior to March 18. A doctor of medicine, called as a witness by the prosecution, testified that in his opinion the child born on September 24, 1959 could have been conceived on March 18, 1959. Appellant's counsel conducted an extensive cross examination of such medical witness, in the course of which reference was made to statements appearing in a text on the subject of obstetrics written some 20 years previously by a recognized authority in that field. Appellant sought to show that the medical text writer considered that the chances of survival of a child delivered before the 30th week of gestation were less than the medical witness considered them to be. The acceptance by the jury of the text writer's opinions would not have been inconsistent with the jury returning a verdict of guilty. While appellant argues that, under the evidence referred to, as the child was born only six months and eight days after the alleged act of intercourse between the appellant and the girl, no credence could be given the girl's testimony. No such conclusion could properly be drawn from the evidence, and the jury was entitled to decide the credibility of, and the weight to be accorded to, her testimony.

(1) Appellant urges as his first point on appeal that the verdict is contrary to the law and the evidence. Appellant was 23 years of age, and the girl 17 when, according to the girl's testimony, the appellant had sexual intercourse with her. Accordingly, as the girl was under the statutory age of consent when the offense was

shown to have been committed, the fact of sexual inter-course or sexual penetration by appellant would have constituted the offense of statutory rape. NRS 200.360, subd. 2. State v. Diamond, 50 Nev. 433, 437, 264 P. 697, 698, held "There is no rule requiring the testimony of a prosecutrix in a rape case to be corroborated. It is sufficient, standing alone, to sustain a conviction. We do not wish to intimate that a case could not arise in which the other circumstances in evidence might, as a matter of law, be enough to destroy the credibility of the complaining witness." In the instant case there was, however, evidence corroborating the testimony of the prosecuting witness, and upon appeal the verdict cannot be disturbed as contrary to the evidence.

(2) There was no error on the part of the trial court in giving Instruction No. 25 and in refusing to give appellant's proposed Instruction No. 1. Instruction No. 25 given by the court read as follows: "You are further instructed that the precise time at which an offense was committed need not be stated in the Information but it May [sic] be alleged to have been committed at any time before the filing of the Information, except where or when the time is a material ingredient to the offense. Time is neither a material nor an essential element in rape and hence need not be proved precisely as alleged so long as the commission of the offense is found by you to be on any day prior to the filing of the Information and within four years of the filing of the Information." The first sentence of such instruction, except for the introductory language of that sentence referring to its being given as an instruction, contains the exact language of NRS 173.270, and the language contained in the second sentence is supported by the following authorities: NCL 10853, based upon California Penal Code, sec. 955; Cal. Jur. 2d, sec. 54, Rape, p. 241.

Appellant's proposed Instruction No. 1 was identical with Instruction No. 25, except that the additional language was added thereto, "The common understanding of the words 'on or about' when used in connection with

the definite point of time, where time, as in this case, is not an essential ingredient of the crime, but is alleged in the Information, is that the State does not put the time at large, but indicates that it is stated with approximate accuracy." By reason of the provisions of NRS 175.515[1] Instruction No. 25 given by the court and appellant's proposed Instruction No. 1 requested to be given by appellant, will be considered on this appeal, although there is the absence of an exception expressly stated to the court's refusal to give the latter. We find no error of the court on either of such points on appeal. The court acted properly in refusing such instruction proposed by appellant. The effect of it would have been to tell the jury that the date of March 18, 1959 alleged in the information, must be viewed by the jury as having been the approximate date of the offense, whereas the language appearing in the same proposed instruction and constituting the body of Instruction No. 25, as given by the court, told the jury that it might find the offense on any day prior to the filing of the information and within four years of the filing thereof. There is no showing that appellant was in any way misled to his prejudice by the dates appearing in either the criminal complaint filed in September 1959 or the information filed the following December. Appellant testified that the only time he was with the girl alone in his car was on the night of May 2, 1959. The girl also testified that she was alone with the defendant in his automobile on only one occasion. Their respective explanations of what occurred on the single occasion upon which they were together under the indicated circumstances were, of course, entirely different.

(3) Appellant urges error on the part of the trial court in denying appellant's motion for new trial. NRS 177.060,

[1]NRS 175.515, "When any written charge has been requested and given, or refused, or given by the court of its own motion, the question or questions contained in such charge need not be excepted to, but the written charge, given or refused, with the endorsements showing the action of the court, shall form part of the record, and any error in the decision of the court thereon may be taken advantage of on appeal in like manner as if presented in a bill of exceptions."

subd. 2, authorizes the party aggrieved in a criminal action to appeal from a final judgment or from an order refusing a new trial, and NRS 177.110, subd. 2, states that both such appeals may be included in one notice of appeal so specifying. Here, however, the only appeal was from the judgment and, in the absence of an appeal from the order denying the motion for new trial, the action of the trial court in that regard cannot be reviewed. State v. Ritz, 65 Mont. 180, 211 P. 298, 301, so holding, was decided upon statutory provisions of the same substance as NRS 177.060, subd. 2, and NRS 177.090. This must necessarily be so when the motion for new trial is made, as it was here, on the ground of newly discovered evidence—evidence discovered after the trial and judgment. Such situation is clearly distinguishable from the right, on appeal from the *judgment,* to review *intermediate orders,* as provided in NRS 177.090.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.