GEORGE D. BROWN, Appellant, *v.* THE STATE
OF NEVADA, Respondent

No. 4801

July 22, 1965                                    404 P.2d 428

[Rehearing denied August 17, 1965]

*Diehl & Recanzone,* of Fallon, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City;
*James A. Callahan,* Special Deputy District Attorney,
and *Donald M. Leighton,* District Attorney, of Winne-
mucca, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

By indictment Brown was accused of grand larceny for marking and branding a calf on September 2, 1963, owned by Allied Land and Cattle Company, with the intent to steal it. NRS 205.225(2). He was convicted, and appeals. The sufficiency of the evidence to support the guilty verdict is not challenged. However, he does claim that prejudicial errors of law occurred entitling him to another trial. Ten such errors are assigned. The main legal problem below, and here, was, and is, the admissibility of evidence showing that Brown was possessed of other cows and calves not his own when the calf, the subject of the present indictment, was found

in his possession. The problem was first presented to the lower court when the prosecutor, during his opening statement to the jury, referred to Brown's possession of such other cattle when apprehended on September 10, 1963. Objection was immediately interposed. The jury was excused, and legal argument presented. The judge ruled that the prosecutor's reference was permissible and that such evidence during trial would be allowed for the limited purposes of proving Brown's intention to steal the Allied calf and to show that it was not branded by mistake or accident. Such evidence was subsequently presented, and the following story was revealed to the jury.

On September 10, 1963, the sheriff and others went to the Brown ranch near Valmy, Nevada. There they discovered six cows not belonging to Brown, but belonging to six different owners and bearing six different brands. Four of the six cows had a calf each, and three of the calves bore Brown's brand. The Allied Land and Cattle Co. cow had been on the Brown ranch since 1958. There was some confusion regarding its brand. In any event, Brown made no effort to resolve that confusion, and that cow and her calf bearing Brown's brand (subject of this case) were found on the defendant's fenced ranch on September 10, 1963. A W. T. Jenkins Co. cow was turned out in a field adjacent to Brown's in the fall of 1962 and was not seen again by its owner until September 10, 1963, when she was found on Brown's fenced premises with a calf bearing Brown's brand. A Duncan heifer was turned out and last seen on the open range near Imlay about March 30, 1963, some 70 miles from the Brown ranch. She was found with a calf on the Brown ranch September 10, 1963. A cow and calf belonging to Harry Green were also there. The calf bore Brown's brand. Two other cows, one belonging to Great Western Land and Cattle Co., and the other to Mr. Miller, were also found on the defendant's premises. The ten cattle were separated from a herd of about 200, seized by the sheriff, and held in his custody.

(1) Evidence of offenses other than that for which the accused is on trial is not permissible unless relevant to

motive, intent, absence of mistake or accident, a common scheme or plan, or identity of the defendant. State v. McMahon, 17 Nev. 365, 30 P. 1000 (intent—absence of accident); State v. Roberts, 28 Nev. 350, 82 P. 100 (identity); State v. Vertrees, 33 Nev. 509, 112 P. 42 (intent); State v. Cerfoglio, 46 Nev. 332, 213 P. 102 (motive—intent); State v. Elges, 69 Nev. 330, 251 P.2d 590 (intent); Nester v. State, 75 Nev. 41, 334 P.2d 524 (identity); Wallace v. State, 77 Nev. 123, 359 P.2d 749 (intent); Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (intent); Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (intent). See also State v. Hall, 54 Nev. 213, 13 P.2d 624. Of course the limited purpose for which such evidence may be considered by the jury must be specifically stated. State v. McFarlin, 41 Nev. 486, 172 P. 371; State v. Monahan, 50 Nev. 27, 249 P. 566. We know that prejudice may occur when a jury is permitted to learn that the accused may have committed other criminal offenses. In such circumstance the danger is ever present that he may be convicted of a crime other than the one for which he is on trial. The duty placed upon the trial court to strike a balance between the prejudicial effect of such evidence on the one hand, and its probative value on the other, is a grave one to be resolved by the exercise of a judicial discretion. Nester v. State, supra; State v. Nystedt, 79 Nev. 24, 377 P.2d 929. Of course the discretion reposed in the trial judge is not unlimited, but an appellate court will respect the lower court's view unless it is manifestly wrong. We do not find manifest error here. The very nature of the crime charged presents apparent difficulties in proof. Those familiar with the cattle business in Nevada know that it is not uncommon for one mistakenly or accidentally to brand a calf belonging to another. An isolated occurrence may, in truth, be as consistent with innocence as with guilt. Thus evidence of the type here offered, particularly the testimony showing that the defendant branded two other calves that were not his, together with his possession of the mothers of those calves, also not his, was probably necessary to prove his intention to steal the Allied calf

and to negate an accidental branding of it. In these circumstances we cannot rule that the lower court erred in deciding that the probative value of such evidence overbalanced its prejudicial effect. The limited purpose and use of that evidence was made known to the jury, and we cannot presume that the jurors used it improperly in arriving at their verdict.

(2) The appellant also complains about certain jury instructions dealing with the subject of other offenses. One of them quoted the statutory language of NRS 569.050 which requires one in possession of an estray to report that fact to the State Department of Agriculture within 5 days. The jury could have believed from some of the testimony, particularly the defendant's, that some of the ten cattle found on his ranch belonging to other persons were estrays. He acknowledged awareness of the law requiring him to report. He admitted that he had not done so. The instruction, therefore, finds support in the evidence. The record also supports the instruction about Brown's possession of stolen property. Meador v. State, 201 Ark. 1083, 148 S.W.2d 653; People v. Johnson, 99 Cal.App.2d 717, 222 P.2d 335; Harper v. State, 60 Ga.App. 684, 4 S.E.2d 734; State v. Hall, 105 Utah 162, 145 P.2d 494; see also Ruland v. People, 103 Colo. 228, 84 P.2d 821. A third instruction made it clear that all evidence of other crimes or offenses was to be considered by the jury for the limited purposes of showing Brown's intention to steal the calf in question and to negate any claim that it was branded by mistake or accident. This admonition satisfies the requirement of State v. McFarlin, supra. Though we think it would have been preferable for the trial judge to have advised the jury of the limited purposes of such evidence as it was received during trial (rather than waiting until he instructed the jury), we do not consider the delay to create error. We hold that appropriate instructions about other offenses may be given if supporting evidence has been properly received during trial.

(3) The indictment charged that Brown marked and branded an Allied calf on September 2, 1963. Evidence tending to prove a different date of branding was received. Because of this fact the court instructed the jury that the variance was immaterial "so long as the jury is convinced beyond a reasonable doubt that the branding of the calf took place prior to the filing of the indictment by the Grand Jury." The court also instructed the jury in the language of NRS 173.270: "The precise time at which an offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the finding of the indictment or the filing of the information, except where or when the time is a material ingredient to the offense." These instructions are attacked on appeal. We think that the court properly gave them. The date of branding is not a material ingredient of the offense of which Brown was accused. State v. Cerfoglio, supra, (perjury) ; Ex parte Stricker, 71 Nev. 193, 284 P.2d 383 (extradition) ; Martinez v. State, 77 Nev. 184, 360 P.2d 836 (rape). Furthermore, in this case Brown's branding of the Allied calf was admitted. The true issue to be resolved was whether the branding happened accidentally or was done with the intent to steal. The time of its occurrence is patently immaterial in this context.

(4) Before trial Brown moved to suppress evidence relating to "one calf, purportedly the property of Allied Land and Cattle Co., and one cow, purportedly the property of the said Allied Land and Cattle Co." The motion was based on the ground that the calf and cow and evidence relating thereto were the result of an unconstitutional search and seizure. The motion to suppress was denied after a hearing at which much testimony was received. The lower court was correct in its ruling, for the sheriff's search and seizure was authorized and consent was given by Brown's attorney after consulting Brown. Arrangements were made for the sheriff and Brown to meet at the Brown ranch on September 10, 1963, and search without obtaining a warrant for that purpose.

We have considered other assignments of error raised and find them to be wholly unsound.

Affirmed.

BADT, J., and ZENOFF, D. J., concur.