ARNESTOR JONES, JR., APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5605

January 3, 1969        448 P.2d 702

*James D. Santini,* Public Defender, and *Anthony M. Earl,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *George H. Spizzirri* and *A. Leon Simon,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Appellant robbed a man at 1:50 a.m. on November 24, 1967 in the parking lot of the Hideaway Bar in Las Vegas. The bartender of the Hideaway Bar testified that he saw the robbery because he was forced at gunpoint to come to the parking lot from the tavern by the appellant after appellant had robbed the bartender and emptied the establishment's cash register, and that he was well-acquainted with appellant and positively identified the appellant as the robber. Appellant appeals from a conviction finding him guilty of robbing the man in the parking lot.

Appellant contends that the admission of the proof of the robbery inside the tavern was error because another offense was proven whose probative value was outweighed by prejudice, which was not within one of the exceptions to the rule excluding evidence of other offenses, and which was not the subject of a hearing in the absence of the jury to establish whether the proof of the prior offense should be admitted. We disagree.

Evidence of other crimes may be admitted if relevant to prove motive, intent, identity, the absence of mistake or accident, or a common scheme or plan if the probative value of such evidence outweighs its prejudicial effect. Since the admission of evidence of other crimes is justified by necessity the probative value of another offense is diminished when the other proof of guilt is substantial. Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966). In this case the only source of identification was the bartender and some of his testimony was contradicted

by defense witnesses. The trial court's finding that probative value exceeded prejudice will not be reversed unless it is manifestly erroneous. Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965); Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959). The evidence of the other offense was shown by clear and convincing proof and was properly admitted to show the identity of the robber. Tucker v. State, supra.

The hearing in the absence of the jury to determine the probative and prejudicial effects of the proffered evidence is not an indispensable necessity. The court repeatedly cautioned the jury that the evidence of another offense was relevant only to identity. It is presumed that the trial court found that the probative weight of the evidence outweighed its prejudice. Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961).

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.