# JOSEPH G. HUSSEY AND MARY G. HUSSEY, *Appellants, v.* JOB SMITH, *et al., Respondents.*

ALLEGATION OF A CONCLUSION OF LAW.—An allegation that "the Defendant gave a mortgage," &c., is simply a conclusion of law.

NO DECREE BY DEFAULT, WHEN.—The mortgage not having been set out in the complaint, upon a default, the Court could not render a decree intelligibly.

OFFICER TO SERVE PROCESS PRIOR TO JULY 23D, 1874.—Prior to the passage of the "Poland Bill," the United States Marshal had no authority to serve an original process.

APPEAL from the Third District Court.

The facts appear in the Opinion.

*Snow & Hoge,* for Appellants.

*Rosborough & Merritt,* for Respondent.

BOREMAN, J., delivered the Opinion of the Court.

This suit is brought to enforce alleged equitable rights under a deed and sale of mortgaged property. The Appellants ask that Respondents be adjudged to hold the property in trust for said Mary G. Hussey, or if the Court do not so adjudge, that the former decree be set aside ; that said Mary G. Hussey be subrogated to the rights of Bernhisel and Linforth, and that the mortgage debt be declared a lien on the property, and the property sold again to pay the mortgage debt.

A demurrer was entered against the bill and based partly upon the ground that the bill (it is a chancery proceeding) did not state such a case as entitled the Plaintiffs (Appellants) to the relief sought.

It appears upon the face of the bill that the decree upon which this action is founded, was rendered in a suit where the Appellant, Job Smith, was sought to be brought in by process served by the United States Marshal, but upon said suit Job Smith never appeared. The United States Marshal did not have authority at that time to make the service, and the Court did not therefore have jurisdiction of the parties, so as to render a decree binding upon the Respondents; it was as to

31

them void.    There are not therefore sufficient facts stated in the bill to warrant the Court in saying that the Respondents should hold the legal title in trust for Appellant, Mary G. Hussey. ·

The other branch of the case has reference to a new foreclosure of the mortgage, and the Appellants ask that said Mary G. Hussey be subrogated to the rights of Bernheisel and Linforth in the matter. The bill says that Job Smith gave a mortgage on the property, to be void on payment of the note specified.    Such an allegation is ·not sufficient, in case of default of defendants, to authorize a decree for the sale of the property.    The bill stating that Job Smith gave a mortgage, is simply a conclusion of law.    It does not leave the question open to the Court to decide whether the supposed mortgage be in fact a mortgage or not.    Neither the mortgage nor its terms or conditions are set out.    .

Upon a default the Court could not render a decree acceeding to terms or conditions not known to the Court. There do not, therefore, appear sufficient facts in the bill to authorize a decree of foreclosure.

The judgment of the Court below dismissing the bill was correct, and it is affirmed.

Lowe, C. J., and Emeeson J., concur.

Note.—See same case on petition for rehearing— *Post.*