## Court of Appeals.

### April, 1886.

### PEOPLE v. CROWLEY.

(Affirming 4 *N. Y. Crim. Rep.* 26.)

RAPE—CORROBORATION—CHALLENGE TO JURORS—JUDGE'S
CHARGE.

The complainant, on the trial of an indictment for rape, testified that defend-
ant had connection with her; that when he was on her she felt his
person in her, and a physician, by whom complainant was examined,
found injuries on her person which such an act might have occasioned.
*Held,* That there was positive proof of the highest character as to the
commission of the crime, and also corroboration of the witness.

Under sections 278, 280, Penal Code, there need be nothing more than pene-
tration of the private parts of the man into the person of the woman,
and no discussion is necessary or proper as to how far they entered.

It is not error for the judge to charge, on the trial of an indictment for
rape, that while the defendant's evidence is to be considered as that of
any other witness, the jury would, in determining his credibility, con-
sider the fact that he stands charged with the commission of a serious
criminal offense.

Where it appears that the trial court was satisfied that a juror challenged for
bias entertained no present opinions which would influence his verdict,
and that the examination of the proposed juror justified such determi-
nation, the challenge will be held properly overruled.

APPEAL from an order of the General Term of the Supreme
Court, affirming a judgment of the Court of General Sessions
of the Peace, in and for the city and county of New York,
convicting the defendant of the crime of rape.

Judgment of conviction was rendered against defendant in
that court, May 18, 1885, for a rape upon one Maggie Morris,
April 26, 1885. The defendant was sentenced to be impris-
oned in the State prison at hard labor for the term of seventeen
years and six months.

The facts are fully stated in the report of the case at General
Term (*ante,* p. 26)

*George Bliss*, for the prisoner, appellant.

*Randolph B. Martine*, district attorney (*De Lancey Nicoll*, assistant), for the people, respondent.

DANFORTH, J.—The appellant was convicted of the crime of rape at a Court of General Sessions of the Peace in and for the city and county of New York. The judgment following that conviction has been affirmed by the General Term of the Supreme Court, and we find no reason to differ from the conclusion there reached. That the accused provided the opportunity and formed the intention to commit the crime was upon the evidence too plain to admit of doubt, and whether he in fact completed it within the meaning of the statute (*Penal Code*, §§ 278, 280) was a question for the jury, and was properly submitted to their consideration. If the complainant's statement was credible there was "sexual penetration," and the physician by whom she was examined found injuries upon her person which such an act might have occasioned. There was, therefore, positive proof of the highest character and corroboration of the witness. Indeed, the argument of the appellant concedes this. The contention of his counsel only leads to an inquiry as to the extent of the penetration and the particular part of the female internal organs which must be reached to constitute the offense. The statute (§§ 278, 280, *supra*) answers the argument. By the first (§ 278), "Rape is an act of sexual intercourse with a female not the wife of the perpetrator, committed against her will or without her consent," and by the other (§ 280), "any sexual penetration, however slight, is sufficient to complete the crime." This means nothing more than penetration of the private part of the man into the person of the woman, and no discussion is necessary or proper as to how far they entered. Rex *v.* Allen, 9 *C. & P.* 31; Rex *v.* Hughes, *Id.* 752.

Nor were the persons objected to disqualified to sit as jurors. Each, from reading a newspaper account of the alleged transaction, had formed an opinion as to the guilt or innocence of the

defendant; but one (Squire) declared on oath that such opinion would not influence his verdict, and that the evidence alone would determine it. The other (Schmidt) that he could give a fair, impartial and conscientious verdict upon the evidence, if empaneled as a juror, and "he should be governed by it entirely," notwithstanding the opinion before formed; and, in regard to both, the trial court was satisfied that neither entertained any present opinions which would influence his verdict. The examination of the proposed jurors justified that determination, and the challenge for bias was properly overruled. *Code Crim. Pro.* § 376.

The accused testified in his own behalf, and it was not improper for the trial judge to charge the jury that, "while his evidence is to be considered as that of any other witness, they should, in determining his credibility, consider the fact that he stood charged with the commission of a serious criminal offense." The credibility of any witness may be affected by his interest in the result of an issue, or his relation to the case on trial, and a court does not exceed its duty when it reminds a jury of such a circumstance, leaving its weight for their consideration.

It is also urged, by the appellant, that the complainant was not corroborated. That question does not appear to have been raised at the trial, nor any objection made that the evidence was insufficient for submission to the jury. Clearly it was sufficient. Every step that led up to the offense was proven by the prisoner, or by persons other than those concerned; the condition of the complainant's person, after the alleged commission of the crime, has been referred to, and her conduct and that of the prisoner, when they were separated, with other circumstances in evidence, fully sustain the conclusion of the learned judge, upon whose opinion the conviction was affirmed, "that it rarely happens that a prosecution for rape is so abundantly sustained, in all its essential features, as this was."

The record discloses no error, and we think the judgment appealed from should be affirmed.

All concur, except RAPALLO. J., absent.