## THE STATE OF KANSAS V. GEORGE W. FRAZIER.

1. PROSECUTION FOR RAPE — *Demurrer to Plea in Bar.*   Where a demurrer to a plea in bar or in abatement of a criminal prosecution, stating matters which considered alone constitute a bar to the further prosecution of the case or sufficient ground for the abatement of the action, is sustained by the court, a conviction thereafter had will not be for that reason set aside, if the record of the case, as it stood at the time of the hearing of the demurrer, conclusively showed that the plea was not good.

2. JURORS — *Challenge to Array.*   It is not error to overrule a challenge to the array of jurors, made on the ground that the proper officer of one township or city in the county failed to return a list of names of persons suitable to act as jurors, and for that reason no jurors from the township or city were included in the panel, the jurors constituting the panel having been legally returned, drawn, and summoned.

3. SEXUAL INTERCOURSE, *When Lawful, When not.*   Under § 31 of the act regulating crimes and punishments, the carnal knowledge of a female under the age of 18 years is unlawful, if the person having such carnal knowledge is not her husband.   All commerce between the sexes, except in lawful wedlock, is unlawful, whether any penalty for the particular offense be denounced by a statute or not.

4. RAPE, *Attempt to Commit — Instruction — Refusal, not Error.*   The defendant was charged in two counts with the crime of rape and of attempt to commit rape.   Two verdicts were rendered, one acquitting on the first count, the other convicting of an attempt under the second count.   On account of the insufficiency of the averments of the second count, the conviction was set aside and a new trial ordered by this court. (*The State v. Frazier*, 53 Kas. 87.)   Afterward an amended information was filed, and the defendant again convicted

of an attempt to commit rape. The court, in instructing the jury, correctly defined the crime charged, but refused the request of the defendant for an instruction that if they found from the evidence that the completed offense had been committed they must acquit. The evidence showing an attempt was clear and satisfactory, that tending to show a completed offense very slight. *Held*, That while the instruction asked should ordinarily be given, no reversible error was committed by the refusal in this particular case.

*Appeal from Saline District Court.*

PROSECUTION for rape. The material facts appear in *The State v. Frazier*, 53 Kas. 87, *et seq.*, and in the opinion herein, filed March 9, 1895.

*David Ritchie*, for appellant.

*F. B. Dawes*, attorney general, and *R. A. Lovett*, for The State.

The opinion of the court was delivered by

ALLEN, J.: The defendant was charged with the crime of rape, and a second count was added to the original information, defectively charging an attempt to commit a rape. Two verdicts were returned by the jury, one acquitting on the first count, and the other convicting on the second. From this conviction the defendant appealed to this court, and the judgment was reversed for the insufficiency of the second count of the information, on which the conviction was based. (*The State v. Frazier*, 53 Kas. 87.)

On the former hearing in this court, the defendant asked an absolute discharge from further prosecution, on the ground that the first count of the information included a charge, not only of the completed offense, but also of an attempt; but it was held that he was not entitled to such discharge, and the case was remanded for a new trial. Afterward an amended information was filed by the county attorney, which sufficiently charges an attempt to commit rape. To this the defendant filed his plea in bar, alleging that he had been once tried and acquitted of the identical offense charged in the

amended information.    To this plea the county attorney de-
murred.    It is urged that a demurrer to the plea admits its
averments, and that the plea is clearly good, as it alleges an
acquittal on the first, and says nothing about a conviction on
the second count.    Even if we were to concede that on a de-
murrer the court may not look beyond the plea, and that, if
it state facts constituting a bar, it should be sustained by
the court, where the record, as in this case, shows that the
plea ought to have been overruled, we think the error, if
error it be, a technical one, which, under § 293 of the criminal
code, we are required to disregard.    The general rule, how-
ever, with reference to pleadings is, that a demurrer searches
all the pleadings; and we think the court had a
right, on the hearing of this demurrer, to exam-
ine the whole record, and that the former convic-
tion of an attempt and acquittal of the completed
offense did not operate as a bar to a trial under the amended
information.

1. Prosecution
for rape—de-
murrer to plea
in bar.

A plea in abatement was also filed, alleging that the defend-
ant had never had a preliminary examination.    To this also,
a demurrer was filed, and sustained.    The defendant, having
been once tried for this same offense, cannot now for the first
time complain of the want of a preliminary examination.

At the trial, the defendant challenged the array of jurors,
on the ground that the jury was not made up as required by
law, because no list of names had been returned from the city
of Salina, and therefore no jurors were drawn from Salina.
It was shown that no list of names for jurors was filed with
the county clerk, and consequently none were in attendance
from the city.    In the case of *The State v. Jenkins*, 32 Kas.
477, it was said:

" We think the better rule, and the one most likely to do jus-
tice, is, that while mere irregularities in the drawing of jurors,
or mere informalities on the part of the officers charged with
the drawing, ought not to be a sufficient ground for sustain-
ing a challenge to an array, yet it is otherwise where the

46—54 KAS.

essential provisions of the statute have been palpably disregarded."

In that case it appeared that the names of the jurors placed on the list were taken from the assessment rolls for the year 1883, when they should have been taken from the rolls of 1882, and it was held that a challenge to the array ought to have been sustained because the law had been disregarded. In that case, no jurors were drawn or summoned from a list made up in accordance with law. In this case, it is not claimed that the jurors in attendance on the court were improperly placed on the list or were persons improperly summoned. The sole objection to the array is, that the city of Salina ought to have contributed its quota of names to the list from which the jurors were drawn. To hold that a failure by a township or city officer to comply with the law, and return names of persons suitable to serve as jurors, would be sufficient ground of challenge to the array, would be likely to occasion great public expense and inconvenience in many cases, without any substantial benefit to persons on trial. We have no reason to believe that the jury

2. Jurors — challenge to array. in this case was less favorably inclined to the defendant than one would have been drawn from a list including residents of Salina. We do not think the constitutional right of trial by an impartial jury has been denied the defendant.

The defendant moved to quash the amended information, for the reason that it does not state facts sufficient to constitute a public offense. The prosecution is based on § 31 of chapter 31 of the General Statutes of 1889, which reads as follows:

"Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female under the age of 18 years, or by forcibly ravishing any woman of the age of 18 years or upwards, shall be punished by confinement and hard labor not less than five years nor more than 21 years."

It is insisted by counsel for the appellant, with much earnestness and ingenuity, that the act of the defendant must be

shown to be unlawful; that it must be in violation of something else than the moral law.    It is said that fornication between unmarried persons, unaccompanied by any public indecency, and which fails to fall under any statutory penalty, is permissible; that, in the section under consideration, the legislature has not undertaken to declare what acts are unlawful, but has simply denounced penalties against acts already made unlawful by other statutory provisions.    It is urged that there are no common-law crimes punishable in this state, and that a statute must be found authorizing it before a prosecution can be sustained upon any charge.    The court charged the jury that

"By the laws of this state, a female under the age of 18 years is incapable of giving consent to any act of sexual intercourse, so that every act of sexual intercourse with such female constitutes the crime of rape, whether with or without the consent of such female, unless the parties are married."

"Unlawful" is defined by Webster, "not lawful; illegal; not permitted by law."    Every act of sexual intercourse must be either lawful or unlawful.    No law, statutory or moral, sanctions intercourse between the sexes except within the bonds of lawful wedlock.

3. Sexual intercourse—when lawful, when not.

However remiss lawmakers may have been in prescribing punishment for what is denominated simple fornication, nothing is clearer than that the moral sense of mankind, the recognized customs and usages of society and the plainest dictates of morality deny the lawfulness of all fornication.    The legislature clearly so regarded it in enacting this section.    Under the original section, rape might be committed by carnally and unlawfully knowing a female child under the age of 10 years.    In 1887 the section was amended, extending to females between the ages of 10 and 18 years the same protection that had been given to those under the age of 10 before the new enactment took effect.    The effect of this amendment was to take away from girls under the age of 18 the legal capacity to consent to sexual commerce.    Fornication is sexual intercourse by parties not lawfully wedded, by

their mutual consent.   Under the old statute and similar ones in other states, it has always been held that the female child below the age prescribed is utterly without capacity to consent, and therefore there can be no such thing as fornication with a female child under the age of consent.   As this statute has merely raised the age, it must be held under it that there can be no such thing as consent by a girl under the age of 18 years to sexual intercourse.   If she cannot consent, then any person lewdly touching her commits an assault, and an assault is always an unlawful act.   The court correctly stated the law in the instruction quoted.   The protection of the law extends to every unmarried female under the age of 18 years. The validity of this section of the statute was under consideration in this court in the case of *The State v. White*, 44 Kas. 514.   While the policy of the law was questioned, its validity was upheld.

Complaint is also made of the refusal of the court to instruct the jury that, if they should find that the defendant actually consummated the offense, they could not convict of the attempt.   Section 418 of the crimes act provides:

"No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault, or in pursuance of such attempt."

It is insisted that there was evidence of the completed offense, and that the court was bound to charge as requested. The statute is unambiguous in its provisions, and ought to be given effect in accordance with the intent of the legislature. Where there is evidence showing the commission of a completed crime, the instruction asked should be given.   The status of this case on the second trial was peculiar.   The defendant had already been acquitted of the crime of rape, and, therefore, could not be further prosecuted for the completed offense.   The only purpose we are able to perceive that this section was intended to accomplish is the prosecution and

4. Rape, attempt
to commit—
instruction—
refusal, not
error.

punishment of every offender for the full offense committed by him. Even if we concede that the evidence in this case fairly presents the question, the purpose of the statute has not been defeated. We think no substantial error was committed by the court in refusing the instruction asked.

It is provided in § 213 of the code of criminal procedure that "proof of actual penetration into the body shall be sufficient proof to sustain an indictment or information for rape." The prosecuting witness was a girl 13 years of age. Her testimony is not clear to the fact that there was any penetration, and shows it to have been very slight, if at all. The jury were instructed that the word "attempt" means "an effort or endeavor, an act tending towards the accomplishment of a purpose, which exceeds a mere intent or design, and falls short of an execution of it." "The words 'sexual intercourse' mean the actual contact of the sexual organs of a man and a woman, and an actual penetration into the body of the latter." The defendant is an old man. That he attempted to violate the person of this little girl appears perfectly clear from the evidence, and he has been convicted by two juries. It is at least doubtful whether the evidence of the prosecutrix would be sufficient to uphold a conviction for rape. Where the correctness of the verdict is so manifest, we should hesitate to require another trial, unless there were satisfactory reasons for doing so. We do not think the defendant has been deprived of any substantial right, or convicted of a crime greater or less than he is guilty of. The judgment is therefore affirmed.

All the Justices concurring.