# STATE *v.* DIAMOND

## No. 2762

March 6, 1928.                                  264 P. 697.

1. RAPE—SEXUAL PENETRATION OF BODY OF FEMALE UNDER STATU-
TORY AGE BY MALE 16 YEARS OLD OR OVER CONSTITUTES STATU-
TORY RAPE.

Sexual penetration of the body of a female under statutory
age by a male 16 years old or over constitutes, under Rev.
Laws, secs. 6443, 7171, statutory "rape."

2. CRIMINAL LAW — PROSECUTRIX'S TESTIMONY DEFENDANT HAD
"SEXUAL INTERCOURSE" WITH HER HELD NOT CONCLUSION BUT
PROOF, WITHOUT REQUIRING DETAILS.

In prosecution for statutory rape, under Rev. Laws, secs.
6443, 7171, 16 year old prosecutrix's testimony that defendant
had sexual intercourse with her *held* not mere conclusion but
competent proof thereof, without requiring detailed testimony
of sexual act; "sexual intercourse" meaning actual contact of
the sexual organs of a man and a woman and an actual pene-
tration into body of the latter (citing Words and Phrases, First
Series, "Sexual Intercourse").

3. RAPE—PROSECUTRIX'S TESTIMONY MAY BE SUFFICIENT TO SUS-
TAIN CONVICTION FOR RAPE WITHOUT CORROBORATION.

There is no rule requiring testimony of prosecutrix in rape
case to be corroborated, and her testimony, standing alone,
may be sufficient to sustain conviction.

4. RAPE—PHYSICIAN'S TESTIMONY THAT HE EXAMINED PROSECUTRIX
AND FOUND CONDITION THAT COULD HAVE BEEN CAUSED BY
SEXUAL INTERCOURSE HELD CORROBORATIVE OF PROSECUTRIX'S
TESTIMONY.

Physician's testimony that he examined prosecutrix and
found condition that could have been caused by sexual inter-
course *held* corroborative of prosecutrix's testimony, in prose-
cution, under Rev. Laws, secs. 6443, 7171, for statutory rape.

5. RAPE—DEFENDANT'S OPPORTUNITY TO COMMIT STATUTORY RAPE
MAY BE GIVEN WEIGHT IN CONSIDERING TRUTH OF PROSECU-
TRIX'S TESTIMONY.

In prosecution for statutory rape under Rev. Laws, secs.
6443, 7171, defendant's opportunity to commit the crime may
be given weight in jury's considering truthfulness of prosecu-
trix's testimony.

6. RAPE—EVIDENCE HELD SUFFICIENT TO SUSTAIN CONVICTION OF
STATUTORY RAPE.

Evidence *held* sufficient to sustain conviction of defendant,
under Rev. Laws, secs. 6443, 7171, of statutory rape.

## C. J.–CYC. REFERENCES

RAPE—33 Cyc. p. 1424, n. 71; p. 1491, n. 52; p. 1496, n. 82, 84;
p. 1497, n. 86.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Pete Diamond or Diamondouros was convicted of statutory rape, and he appeals. **Affirmed.**

*Chandler & Quayle,* for Appellant:

The record shows that the state failed to prove, not only that this defendant had had sexual intercourse with the prosecutrix, but that any one whatever had so had intercourse. Medical testimony not sufficiently supported by "other facts." Vol. 22, R. C. L., p. 1220, sec. 54. There being only the prosecutrix's bald statement that appellant had sexual intercourse with her, and it not being sufficiently shown that she knew the meaning of the words "sexual intercourse." The state's only medical witness utterly failed to place himself within the category mentioned in the language of 22 R. C. L., p. 1220, sec. 54, of testimony properly received to prove the corpus delicti, not giving his opinion that the condition found was due to sexual intercourse.

*M. A. Diskin* and *Wm. J. Forman,* for Respondent:

The law does not require that this character of crime be proved in any precise words. It is sufficient if the proof shows the consummation of the criminal act. See People v. Pernor, 115 Mich. 692; People v. Preston, 127 P. 660.

The words "sexual intercourse" denote a final consummation of the offense. State v. Frazier, 39 P. 819.

In the absence of statute, the testimony of the prosecutrix alone is sufficient to make out a case for the jury. People v. McQueery, 110 P. 210; People v. Preston, 127 P. 660; People v. Currie, 117 P. 941; State v. Brown, 116 P. 508; Chaney v. Comm., 149 SW. 923.

The testimony of the medical witness that the condition he found present as to the sexual organs of prosecutrix was one which was usually due to sexual intercourse is circumstantial evidence of the commission of the crime, and its weight is a question for the jury.

State v. Depoister, 21 Nev. 118. In that case the supreme court of this state also held that the slightest proof of the commission of the offense will justify the judge in submitting the question of fact to the jury, and no form of words are necessary to prove the commission of the crime.

## OPINION

By the Court, DUCKER, J.:

Appellant was convicted of the crime of statutory rape, alleged to have been committed on or about June 14, 1926. He insists that the evidence is not sufficient to support the conviction. The following is a summary of the salient facts established at the trial:

During the latter part of the month of December, 1925, and for about six months thereafter, the prosecutrix, a girl 16 years of age, and appellant, 27 years of age, were employed in a grocery store in the town of Ruth. A friendship grew up between them which finally developed into a love affair. The girl knew that her parents were to be away from home on the night of the 14th of June. She informed appellant of this, and they agreed to meet at her home on that night. Appellant kept his appointment and threw a rock on the house to notify the girl of his presence. She came out and met him at a place a short distance from the house and remained with him for about an hour. She testified that appellant had sexual intercourse with her at this meeting.

1. Appellant admitted the circumstances of the meeting, but denied her testimony as to the commission of the offense. The testimony of the prosecutrix and her parents, and her birth certificate introduced in evidence, established the fact that she was under the statutory age of consent when the offense was alleged to have been committed. This fact, and the fact of sexual intercourse or sexual penetration, when the person committing it is of the age of 16 or upwards, constitutes the offense of statutory rape. Stats. 1919, p. 439, c. 234; sections 6443, 7171, Rev. Laws of Nevada.

2. Appellant contends that the testimony of the prosecutrix, in which she declared that he had sexual intercourse with her, is not competent proof of the act denounced by the statute. It is characterized as a statement by prosecutrix of a conclusion, not supported by her testimony as to any physical act, and uncorroborated by other testimony or evidence. We think her testimony in this regard is the statement of an ultimate fact, and competent to prove this essential element of the corpus delicti.

"Sexual intercourse," judicially defined, "means actual contact of the sexual organs of a man and woman and an actual penetration into the body of the latter." 7 Words and Phrases, First Series, p. 6459; State v. Frazier, 54 Kan. 719, 39 P. 819; Rev. Laws, sec. 6443.

The failure of the prosecutrix to testify to any physical act showing, or tending to show, actual penetration, is, at the most, the omission of a mere detail comprehended within a term, the meaning of which is common knowledge.

That the prosecutrix had such common knowledge may be inferred from her testimony in which she said she knew the meaning of the words "sexual intercourse." Her knowledge of the fact she testified to may also be inferred from the following on cross-examination:

"Q. On the 14th of June, the night you met Pete on the hill, the night which you say you, at his request, had sexual intercourse with him, did you yield willingly to his inquiries? A. I put up a fight for a little while; I didn't give in at first.

"Q. In what way did you fight? It was a mild resistance? You yielded willingly ultimately? A. No; I did not."

The prosecutrix testified in direct terms that the appellant had sexual intercourse with her, and that she knew the meaning of the term she used to describe the act. We know of no rule requiring the prosecution to elicit from a prosecutrix all or any of the revolting details of the conduct of the defendant to describe the

crime of rape. Delicacy in this regard is commendable so long as the jury is not left in doubt as to the fact sought to be established by the testimony of the witness. If appellant or his counsel thought that she did not understand what she was talking about, cross-examination could easily have revealed the fact. But there was no cross-examination on this phase of her testimony, other than as stated above. In this case, as was said in People v. Preston, 19 Cal. App. 675, 127 P. 660:

"No attempt was made on cross-examination to show that she did not know the true import of the words 'sexual intercourse,' and it must be assumed that, when she declared that she did, she knew precisely the true significance of her answer to that effect."

3. There is no rule requiring the testimony of a prosecutrix in a rape case to be corroborated. It is sufficient, standing alone, to sustain a conviction. We do not wish to intimate that a case could not arise in which the other circumstances in evidence might, as a matter of law, be enough to destroy the credibility of the complaining witness. We find no such circumstances in this case.

4. But it is not fairly correct to say that the testimony of the prosecutrix is not corroborated. Dr. G. R. Smith, a witness in behalf of the state, testified, in substance, that he made an examination of the girl on July 2, 1926, and that he found a condition that could have been caused by sexual intercourse. Such testimony is deemed corroborative. State v. Depoister, 21 Nev. 107, 25 P. 1000; People v. Crowley, 102 N. Y. 234, 6 NE. 384. The weight of it is for the jury.

5. The opportunity the appellant had to commit the offense was, we think, under the circumstances surrounding it, a matter to which the jury had a right to attach some weight in considering the truthfulness of her story. He went to her home after night, when he knew her parents were to be away, signaled to her to come out of the house where her younger brothers and sisters were, to the place where he was stationed on

the hillside some distance from the house, and there remained with her an hour or more.

6. The evidence in the case places it beyond the power of the court to disturb the verdict.

We have examined all the objections based on rulings of the lower court in the allowance or rejection of testimony, and find no error.

The judgment is affirmed.