By the Court.
 

 This matter is before the court on general demurrer of Frank B. De Weese, a defendant below, to the third cause of action of the petition of The Security Savings Association of Dayton, Ohio, plaintiff below. This demurrer was sustained by the court of common pleas and judgment was rendered, dismissing said defendant, with leave in plaintiff to plead. Error was prosecuted to the Court of Appeals, which reversed the judgment.
 

 The third cause of action pleads the averments of the first and second causes of action by adoption, and is substantially a statement of all facts included in the petition.
 

 
 *481
 
 Plaintiff below was successor to Tbe Union Building & Loan Association of Dayton, Ohio. The note in question was given by Mae D. Terry on March 9,1928, and was secured by mortgage on real estate; on May 3, 1929, Mae D. Terry conveyed the real estate to Edward H. Miller. On July 2, 1929, Miller conveyed the real estate to the plaintiff in error, demurrant herein.
 

 The petition alleged, “and it was provided in said latter deed of conveyance that the premises were conveyed subject to the mortgage of plaintiff, above set forth, which grantee [Frank B. De Weese] assumed and agreed to pay as a part consideration therefor.”
 

 The sole question presented here is: Is this allegation a legal conclusion or a statement of fact? If it is a legal conclusion, the demurrer should have been sustained. If a statement of fact, the demurrer was properly overruled.
 

 Averments as to the meaning or contents of a paper set forth in or annexed to the pleadings are not admitted by demurrer.
 
 Bonnell
 
 v.
 
 Griswold,
 
 68 N. Y., 294;
 
 Dillon
 
 v.
 
 Barnard,
 
 88 U. S. (21 Wall.), 430, 22 L. Ed., 673.
 

 The phrase “gave a mortgage” is a conclusion, and will not authorize a decree of foreclosure on default.
 
 Hussey
 
 v.
 
 Smith,
 
 1 Utah, 241.
 

 “That one took” subject to a mortgage is a mere legal conclusion.
 
 Wormouth
 
 v.
 
 Hatch,
 
 33 Cal., 121.
 

 It is the opinion of the court that the allegations of the third cause of action are insufficient in law to create any liability in Frank B. De Weese for the mortgage deed in question. The demurrer should have been sustained. The judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Day, Allen, Stephenson and Matthias, JJ., concur.
 

 Weygandt, C. J., Kinkade and Jones, JJ., not participating.