TEYNOR *v.* THE STATE OF OHIO.

(Decided July 25, 1933.)

*Mr. Alfred S. Leuthold,* for plaintiff in error.
*Mr. W. J. Schwenck,* for defendant in error.

GUERNSEY, J. Plaintiff in error, Peter Teynor, was indicted under the provisions of Section 12414 of the

General Code of Ohio, upon the charge that he, then and there being a male person of the age of twenty-one years and upward, on the 15th day of January, 1932, at the county of Crawford, did unlawfully and forcibly rape or ravish one Irene Deweil, with her consent, she, the said Irene Deweil, then and there being a female person under the age of sixteen years, to wit, of the age of fourteen years.

Upon the trial of the case in the Court of Common Pleas the plaintiff in error was found guilty as charged in the indictment, and was thereafter sentenced to the penitentiary as provided by law.

In the petition in error in this court there are a number of assignments of error, but in his oral argument, and in the brief filed herein, plaintiff in error has. pointed out only one ground of error. Under the statute, and the practice in this court, this will be the only error considered.

The error pointed out by plaintiff in error, stated in nontechnical language, is that the defendant in error failed to prove that the plaintiff in error carnally knew and abused the said Irene Deweil, within the meaning of the statute upon which the indictment was based.

The evidence with reference to the carnal knowledge had by plaintiff in error of the said Irene Deweil, as it appears in the bill of exceptions, is as follows:

"22. Now, Irene, I want to ask what happened there between you and Peter Teynor on the occasions when your parents were not at home? (No response.)

"23. Let me ask, whether you and Mr. Teynor ever had sexual intercourse? A. Yes.

"24. How many times? A. Four times.

"25. And where did that occur? A. At home.

"26. Were your parents there at the time? A. No.

"27. Were your parents ever there when you did have sexual intercourse with him? A. No.

"28. Either one of them? A. No,

"29. Do you know how old Teynor is? A. Yes.

"30. How old is he? A. About forty-three."

The contention of plaintiff in error is that this testimony fails to establish penetration; proof of penetration being necessary to establish the offense charged.

In order to determine whether the contention of plaintiff in error is well grounded it is necessary to consider the provisions of the following sections of the General Code:

"Sec. 12414. Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her consent shall be imprisoned in the penitentiary not less than one year nor more than twenty years, or six months in the county jail or workhouse. The court is authorized to hear testimony in mitigation or aggravation of such sentence."

"Sec. 13444-24. Carnal knowledge or sexual intercourse shall be deemed complete upon proof of penetration."

Section 12414, General Code, as stated above, is the section upon which the indictment is based, and the question to be decided is as to whether the testimony of the prosecuting witness that she and the plaintiff in error had "sexual intercourse" four times on the date charged in the indictment is sufficient to sustain the conviction of the plaintiff in error under such section.

In a number of cases "sexual intercourse" has been held to mean "actual contact of the sexual organs of a man and woman, and an actual penetration into the body of the latter." *State* v. *Frazier,* 54 Kan., 719, 39 P., 819; *Williams* v. *State,* 92 Fla., 125, 109 So., 305; *State* v. *Diamond,* 50 Nev., 433, 264 P., 697.

Under the definition mentioned it appears that the words "sexual intercourse" necessarily include "penetration." Under the common law "sexual intercourse" meant penetration and emission. *Williams* v. *State,* 14

Ohio, 222, 45 Am. Dec., 536; *Blackburn* v. *State,* 22 Ohio St., 102.

The purpose of Section 13444-24, General Code, was to make proof of penetration, without proof of emission, sufficient to establish sexual intercourse, thus making the lesser include the greater, and the part include the whole.

The fact that Section 12414, General Code, uses the expression "carnally knows" rather than "has sexual intercourse" is immaterial, since they both mean the same thing. *State* v. *Ferris,* 81 Conn., 97, 70 A., 587; *State* v. *DeWitt,* 186 Mo., 61, 84 S. W., 956; *State* v. *Hummer,* 73 N. J. Law, 714, 65 A., 249; *Lujano* v. *State,* 32 Tex. Cr. Rep., 414, 24 S. W., 97.

We have been unable to find any Ohio cases directly in point on the question as to whether the testimony of a prosecuting witness of "sexual intercourse" includes proof of penetration and is sufficient to sustain a conviction, but we have found the following cases from other states in which it has been held that the testimony of a prosecuting witness as to "sexual intercourse" with defendant renders other proof of penetration unnecessary.

The case of *Shepherd* v. *State,* 111 Tex. Cr. Rep., 4, 10 S. W.(2d), 730, held that a prosecutrix's testimony as to several acts of intercourse with defendant rendered other proof of penetration unnecessary.

In *Merritt* v. *State,* 168 Ga., 753, 149 S. E., 46, testimony that defendant had intercourse with the prosecutrix is sufficient to prove penetration.

*State* v. *Diamond,* 50 Nev., 433, 264 P., 697, held that in prosecution for statutory rape, sixteen year old prosecutrix's testimony that defendant had intercourse with her held not mere conclusion but competent proof thereof, without requiring detailed testimony of sexual act; "sexual intercourse" meaning actual contact of

the sexual organs of a man and a woman and an actual penetration into the body of the latter.

In view of the above authorities we are of the opinion that the testimony of the prosecuting witness as to the acts of ''sexual intercourse'' had by her with the plaintiff in error, without other proof of penetration, is sufficient to establish a violation of the provisions of Section 12414 of the General Code.

Holding these views, the judgment of the lower court is affirmed.

*Judgment affirmed.*

KLINGER, J., concurs.

CROW, P. J., dissenting. The only evidence in proof of the act of rape was given by the one upon whose person it was alleged to have been committed, a girl fourteen years old.

As stated in the opinion of the majority of the court she swore to having had with defendant ''sexual intercourse'' four times, but there was no testimony whatsoever that she knew what constituted sexual intercourse. True she was not asked the question whether she knew what constituted sexual intercourse, and if it were suggested that defendant might have developed by questioning that she did not know what constituted sexual intercourse it would be a sufficient answer to say that no obligation rested on defendant to aid the state in making a case against himself. Whether the state made a case against the defendant must be determined from the evidence actually adduced.

There is no presumption that a girl fourteen years old knows what constitutes sexual intercourse, and the most that could be claimed from the evidence contained in the bill of exceptions in the present case is that the girl was subjected to what she thought was sexual intercourse.

Otherwise stated, her testimony was only a legal

conclusion, and a legal conclusion will not suffice as a statement of fact, or facts, even in a civil case. This principle was applied in the case of *De Weese* v. *Security Savings Association of Dayton,* 126 Ohio St., 480, 186 N. E., 4.

In this dissent I am now speaking only of the rule I think applicable in the present case, where, as we have said, the testimony is solely that of a girl fourteen years old, who might well have regarded conduct of herself and defendant as sexual intercourse without penetration of the male organ.

It should not be overlooked that Section 13444-24, General Code, defines in plain words one of the essentials to conviction of a crime involving carnal knowledge or sexual intercourse to be proof of penetration.