**SHAW et v MIDLAND BANK et**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17628. Decided Dec. 23, 1940.

SHERICK, PJ., LEMERT, J. and MONTGOMERY, J. (5th Dist.), sitting by designation.

## OPINION

By LEMERT, J. .

This is a stockholders' suit in equity in the nature of an accounting asked against the defendant banks and the directors of them. The motion filed by the defendant directors involved eight (8) requests to strike out, and two motions to make definite and certain. The fourth all-inclusive request asks that the plaintiff be compelled to entirely reform his petition.

This is an appeal from the Common Pleas Court on questions of law only. The appeal is directed solely to an order of the lower court which struck out practically the whole of the amended petition, charging certain directors with liability for bringing about the failure of the Midland Bank, and the extinguishment of the bank stock by means of illegal loans in excess of the statute, through gross negligence, fraudulent practice and upon other grounds.

The record before us discloses that when this motion was before the court below the first time, the court overruled the motions, eight in number, to strike out; sustained motions numbers nine and ten, to make definite and certain, and overruled the motion to reform the petition.

J. E. Mathews, Cleveland, for plaintiffs-appellants.

Baker, Hostetler & Patterson, Cleveland, for defendants-appellees.

At a later date, the same branch of the Court completely reversed its own previous finding on the same points. The record before us does not show any reason for such reversal. No written opinion having been filed, and, because the scope of this last entry was

-such that no further effective pleading could be filed, the plaintiffs refused to plead further and final judgment was entered against them.

The amended petition is very lengthy and counsel for both sides are aware of its contents so we will not burden this opinion with a copy of such amended petition. The amended petition contains two causes of action. The first cause of action sets up a common law liability. The second cause of action sets forth a statutory liability. The transaction set forth in the amended petition covers a long period of years, different banks, trust companies, bank directors and a long series of facts and affidavits, giving a detailed account of the continuous transactions from time to time until shortly before the bringing of this action. The prayer is for accounting and equitable relief.

A writ of recovery cannot be defeated by a motion to strike out material averments in a petition stating a cause of action. These matters should be met by a demurrer or an answer.

57 Oh St 348.
10 Oh St 501.

This is not a suit at law. It rests firmly upon the theory of an equitable accounting. It does not seek recovery against separate defendants upon separable claims for negligence, all of which are combined together for convenience.

The basis upon which this suit rests is that directors are trustees in the management of the affairs of a banking corporation, that the beneficiaries are entitled to an accounting for breach of trust; that the fact of there being a common law, a statutory and constitutional responsibility all operating to establish a liability of the stockholders, does not prevent combining the various demands in a single action for the accounting of an individual liability of each defendant. This procedure manifestly avoids a multiplicity of suits.

We have read with a great deal of care the briefs of counsel in this case and in both brief and oral argument, counsel · has characterized the averments of the petition as being vague, gossipy, prejudicial and irrelevant. With that contention we do not agree.

A careful reading of this amended petition, while the same is quite lengthy, necessarily made so by the long and continuous manipulation of transfers, exchanges and renewals of stocks in the different banks, and by the various changing and liquidation of said stocks by the Van Sweringen Company from time to time, reveals a fair, and we think proper, recital of what the bankers and the Van Sweringen Company did with reference to the subject matter. The same observation applies to the charge of gossip. Surely the sworn recital as to how the Nine Million Dollar loan was made and handled, with the resultant ruin of the Midland Bank, cannot fairly be classified as gossip. All of the facts alleged in the amended petition appear to be such as relate to the dealings between the Midland Bank and the borrowers.

In view of the assignment of error which charges abuse of discretion, we gather from this amended petition that the defendants were apprised of how the rights of all stockholders are tied up in this transaction and that neither the immediate record parties nor those included by representation could either proceed to trial upon the amended petition as mutilated nor upon any further form of pleading that is available on the facts.

We are of the opinion that the ruling below was both an invasion of the substantial right and also an abuse of discretion. We believe it to be the law of this State that where the line between evidential and ultimate facts is not clear and the plaintiff relies upon certain well defined facts in support of which would otherwise be an allegation of mixed law and facts, he should be allowed to plead then so that such facts or their sufficiency may be clearly presented.

Brevity in pleading is to be desired and is accomplished by the allegation of ultimate facts but should be subordinate to the purpose of the Code

which is to present clear and separate issues of law and fact.

We believe that the pleading under review is as brief as is possible in view of what the vast range of financial operations will permit. It is as clear as language can make it for it shows a unified and continuous course of dealing with reference to a single loan which was never paid.

The test of soundness of the view we are taking of this amended petition can easily be made by reading the parts of the amended petition remaining after striking out the parts included in these motions. By so doing there would not remain a semblance of a course of action against the directors and to apply the rule that language once stricken from a petition cannot thereafter be repeated, it is evident that the granting of the motion below would be the same as the granting of a demurrer and this case would be at an end.

We believe that a court commits error in granting an all-inclusive motion to strike, if any material part of the eliminated averments were proper to be averred.

There is no way of knowing what governed the action of the trial court in either of the two contradictory rulings made below. There is no suggestion as to how such a petition should be drawn, nor has the argument of counsel for defendants disclosed how they would draft a pleading covering such extensive operations as those involved in this case. So that the question made on this amended petition now presents itself as to whether or not these stockholders are to be prevented from alleging or proving the acts and facts of how these funds were handled or subsidized by the various banks or individual agents. Or, in other words, will plaintiffs be estopped from showing to the court the facts affecting the broad scheme as carried out in this case? So that these motions to strike out and to make definite and certain, which amounts to a motion to strike in, are not well taken and should be overruled.

On the motion to reform and redraft, we are of the opinoin that there is no sound reason why counsel for plaintiffs should revamp, reform and redraft a mutilated and worthless pleading so as to make the same demurrable or as to present an issue at time of trial that would keep out competent and proper evidence.

So, entertaining this view of the case, it is the finding and judgment of this court that this cause should be and the same hereby is reversed with instructions to the court below to overrule said motions and for further proceedings according to law.

MONTGOMERY, J., concurs.
SHERICK, J., concurs in judgment.