### DEVLIN v. WEBSTER et al.

Common Pleas Court, Montgomery County.

No. 99901.   Decided July 28, 1950.

Nichols, Wood, Marx & Ginter, Cincinnati, Canny & Holzfaster, Dayton, for plaintiff-appellant.

Estabrook, Finn & McKee, Arthur Meyring, Dayton, for defendants-appellees Zarbock, Golob, Meyring, Hummert, Wilcke, Ellinger and Casey.

Guy Miller, Dayton, Alley, Cole, Grimes & Friedman, New York City, for defendant-appellee Standard-Thomson Corp.

### OPINION

By CECIL, J.

This case is pending before the court upon a motion of the defendant, Standard-Thomson Corporation, and a motion

of the defendants, Robert Casey, Carl Wilcke, John Golob, Arthur Meyring, Albert H. Ellinger, L. G. Zarbock and R. H. Hummert, to require the plaintiff to amend her petition by striking certain allegations therefrom.

The first branch of the motion is directed at language which constitutes a substantial portion of the allegations of the second cause of action. We are cognizant of the force of the decision in the case of **Shaw v. Midland Bank, 70 Oh Ap 181,** 33 N. E. 2d 422 and are also aware that attorneys frequently file motions to strike language from a petition which constitutes the "guts" of the action. The court is, nevertheless, bound to supervise the pleadings filed in court and to strike from them language which is improperly pleaded.

In considering this first motion of the defendant, we are of the opinion that it is well taken and should be sustained. The plaintiff laid a foundation in the first cause of action for a charge of conspiracy against the defendants. The gist of the charge being that the defendants used their influence to have Standard-Thomson Corporation purchase other corporations for sums in excess of their value. In sustaining this motion, it is not the intention of the court to determine that the plaintiff does not have a cause of action and cannot properly allege one. The plaintiff might well have alleged, in furtherance of the conspiracy, that the defendants directed the purchase of "Clifford" by Standard-Thomson Corporation; that the price was in excess of its value naming the price, if known, and, if not, setting forth the reason for not giving the price; that, as a result of said purchase, Standard-Thomson Corporation suffered a loss naming the loss or, in the absence of knowledge, stating that such loss was not known.

The plaintiff has alleged "the consideration paid by Standard was greatly in excess of the true value of said stock and that the purchase price was grossly excessive and a waste of the assets of Standard." The plaintiff has here expressed one idea in three different ways. The consideration paid, being greatly in excess of the true value, is the same as "that the purchase price was grossly excessive" and, obviously, if the purchase price was excessive, it was a waste of the assets of Standard.

The allegations that the defendant arranged and consummated the acquisition of ·Clifford wilfully and fraudulently contrary to the duties owed by them to Standard, as directors thereof, is not in furtherance of any cause of action pleaded by plaintiff. The basis of the cause of action is conspiracy. Plaintiff had the right to choose fraud as the basis of her

action if she so desired. But, if she desired to charge fraud, then she should have laid her cause of action in fraud and alleged facts to support it. Then, if defendants are to be charged with gross misconduct in office and the mismanagement of a trust, facts charging these things should be alleged with some particularity. The charges should rise higher than suspicion. The plaintiff charges that the defendant, Webster, profited directly or indirectly as a creditor of Clifford, and, by virtue of the fact that "directly or indirectly through dummies or otherwise, he had been financially interested in Clifford prior to said acquisition." How was he interested? What did he do? "Directly or indirectly through dummies or otherwise" alleges nothing with any particularity. Then, it is charged that the other directors made "secret profits." This, in the absence of supporting facts, is a pure conclusion.

Motions two to eleven, both inclusive, of defendants' motions are directed at language of the third cause of action. These motions, if sustained, would leave but a few scattered sentences in the plaintiff's third cause of action. The motions are, in effect, a demurrer. Considering the third cause of action of the plaintiff, we find there is nothing charged therein that the directors of a corporation could not legally have done. The only allegation that the bonus arrangement set forth therein was not legal is the plaintiff's characterization of it by use of the words "wrongfully, wilfully and fraudulently." Such words are mere conclusions of the pleader and nowhere, in this third cause of action, are there any allegations by which the court could ascertain or draw a conclusion that the directors acted illegally. The language used is argumentative throughout and filled with innuendoes unsupported by allegations of fact. It might be said that the amount of the bonus was unreasonable and disproportionate to the total profits of the corporation. If such is the claim, facts could be alleged which would show such a situation. There are allegations at the top of page nine which would indicate that the directors improperly computed the amount of the bonus by failing to deduct certain expenses and by improperly charging other items as income. If this is the basis of the action, facts could be alleged with particularity to show what expenses they failed to deduct and what improper items of income were considered.

Considering these branches of the motion, as a demurrer, the court will sustain it for the reason that there is no cause of action set forth in the plaintiff's purported third cause of

action. A demurrer admits all of the allegations of a pleading well pleaded. It does not admit conclusions. **DeWeese v. Security Savings Ass'n of Dayton, 126 Oh** St 480, 186 N. E. 4.